**STATE of Maine**

v.

**Eugenia Hills HANSON.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1984.

Decided Oct. 31, 1984.

David W. Crook, Dist. Atty., Allan P. Kelley, Deputy Dist. Atty. (orally), Augusta, for plaintiff.

Levey & Gleason, P.A., Michael J. Levey (orally), Winthrop, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Eugenia Hills Hanson appeals from a denial by the Superior Court (Kennebec County) of a motion to dismiss an indictment charging her with a violation of 17–A M.R.S.A. § 303 (1983), criminal re-

straint by a parent. Defendant contends that the criminal indictment is barred on the grounds of double jeopardy by a prior judgment entered in the district court in an action for contempt brought by her former husband. We find no error in the Superior Court's denial of the motion and we deny the appeal.

Following the return of an indictment in the Superior Court charging defendant with criminal restraint of her 8 year old son, defendant moved to dismiss. In her motion she alleged that prior to the issuance of the indictment she had been ordered to appear in the district court and show cause why she should not be found in contempt for taking the child in contravention of the custody rights of the child's natural father. She further alleged that the contempt proceeding was criminal in nature and that after hearing, the district court did not find her to be in contempt. Attached to her motion is an attested copy of the district court motion for amendment of divorce decree and motion for contempt filed by Victor Hanson against defendant. Victor Hanson's motion alleges that he had been granted custody of the child by order of the district court and that defendant removed the child to another state. Mr. Hanson alleged that he expended effort and money in securing the return of the child and he requested that defendant be found in contempt, that she be required to reimburse him for his expenses, and that her visitation rights be terminated. In the margin of the motion there are notations made by the presiding judge that purport to alter visitation rights and order reimbursement. In addition there is a notation: "No contempt found." The record on appeal does not contain a transcript of the Superior Court proceedings nor is there any suggestion that a transcript of the district court proceedings or any part of the court's file was offered in evidence in support of the motion to dismiss the indictment. The Superior Court denied the motion and this appeal followed.

■ Appellate review of any interlocutory ruling is an exception to the final judgment rule and must be justified by the presence of special policy considerations. *State v. Fernald*, 381 A.2d 282, 285 (Me. 1978). The United States Supreme Court has concluded that a pre-trial order denying a motion to dismiss on double jeopardy grounds is immediately appealable. *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977). We arrive at the same conclusion in this case by applying the exception to the final judgment rule that permits appeals "where substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Moffett v. City of Portland*, 400 A.2d 340, 343 n. 8 (Me.1979). The right to be free from exposure to double jeopardy requires that a challenged prosecution be subject to review before the exposure occurs.

On the merits, defendant argues that the meager record before us compels the conclusion that she was subjected to a criminal contempt proceeding in the district court. In support of this conclusion, she argues that the motion filed by her husband proves that the child had previously been returned and, therefore, if she had been found in contempt, she would have no opportunity to "purge." Relying on this construction, hypothesized from a fragment of the record, defendant claims she will be twice placed in jeopardy if required to defend against the indictment. We need not decide whether the same proof would be required for a charge of criminal contempt as would be required for a violation of 17-A M.R.S.A. § 303, because the record does not demonstrate that defendant was ever placed in jeopardy of a charge of criminal contempt.

■ Assuming, without deciding, that a criminal contempt proceeding could serve as the basis for a claim of double jeopardy, the record before us fails to establish that any such proceeding was initiated. Without the record of proceedings before the district court it is not possible to determine

whether the contempt action was civil or criminal in nature. Defendant has the burden of supporting her appeal with a record sufficient in content to permit fair consideration of the issues, *State v. Marshall,* 451 A.2d 633, 635 (Me.1982), and factual assertions in the brief are not suitable substitutes for a record. *State v. Lang,* 396 A.2d 1012, 1013 (Me.1979). We acknowledge that the opportunity to purge is essential to the validity of a civil contempt judgment, *see Wells v. State,* 474 A.2d 846 (Me.1984); *Small v. Small,* 413 A.2d 1318 (Me.1980). We do not accept the conclusion, however, that the present motion is criminal in nature merely because the child had been returned before the motion was instituted. The procedural requirements for prosecuting criminal contempt are specified in M.R. Crim.P. 42(b). The record on appeal does not demonstrate that any such prosecution was ever instituted.

The entry must be:

Order denying motion to dismiss affirmed.

All concurring.