**STATE of Maine**

v.

**Harold DERBY.**

Supreme Judicial Court of Maine.

Argued Oct. 2, 1990.
Decided Nov. 1, 1990.

---

R. Christopher Almy (orally), Dist. Atty., Dover–Foxcroft, for plaintiff.

Robert E. Murray (orally), Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Harold Derby appeals his conviction of assault (Class D), 17–A M.R.S.A. § 207 (1983), following his second jury trial in Superior Court (Piscataquis County, *Beaulieu, J.*). Because the record does not support a finding that the jury in Derby's first trial was genuinely deadlocked, there was no manifest necessity for the mistrial declared by the court. Derby lost his opportunity to obtain a favorable verdict from the first jury and his right to be free from double jeopardy. Accordingly, we vacate the judgment and remand for dismissal.

Derby was charged with the assault of a fourteen-year-old boy who resided next door to him in Willimantic. A jury trial was held on December 9 and 10, 1987. The jury began its deliberations at 4:00 p.m. on the second day of the trial. Shortly before 5:00 p.m., the jury returned to the courtroom to be reinstructed on the State's burden of proof, and resumed deliberations at about 5:00 p.m. At 7:20 p.m., the jury again returned to the courtroom to hear a read-back of the direct testimony of the victim, and resumed deliberations at 7:55 p.m. At approximately 8:44 p.m. the jury sent a note to the court stating that it was "unable to reach agreement at this time. We're tired. What do we do?" The court reminded the jury of its duty to reach a verdict if possible and questioned the jurors about their inability to reach one. From a show of hands, eleven of the jurors indicated that they believed they would be able to reach a unanimous verdict; one juror signified that he felt an agreement could not be reached. The court ordered the jury to resume deliberations. At 9:35 p.m., with no further communication from the jury and no inquiry, the court declared a mistrial and sent the jurors home over the objection of both the defendant and the State. After a hearing before the same justice who presided over the first trial, Derby's motion to dismiss the charges based on double jeopardy grounds was denied.[1] Derby was tried before a jury for a

---

1. Although he could have done so, Derby did not bring an interlocutory appeal following the denial of his motion to dismiss. *State v. Flick,* 495 A.2d 339, 341 (Me.1985); *State v. Hanson,* 483 A.2d 723, 724 (Me.1984).

second time and was found guilty of assault. This appeal followed.

Both the Maine [2] and federal [3] constitutions afford protection against being "twice put in jeopardy of life or limb" for the same offense. "As a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial." *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). Derby contends that the court erred in denying his motion to dismiss the complaint and that he was twice put in jeopardy when he was tried a second time on the same assault charge. We agree.

 In a criminal jury trial, jeopardy attaches as soon as a jury is empaneled and sworn. *State v. Rowe*, 480 A.2d 778, 781 (Me.1984); *State v. Linscott*, 416 A.2d 255, 258 (Me.1980). The double jeopardy provisions of our constitutions protect the right of an accused defendant to have his trial completed by one tribunal. *Rowe*, 480 A.2d at 782. When a jury is unable to agree upon a verdict, a defendant does not lose the opportunity to obtain a favorable verdict from that particular jury and cannot be required to stand trial a second time unless he consents to a mistrial or unless "under all the circumstances the mistrial was mandated by manifest necessity." *Rowe*, 480 A.2d at 781.

 Although the trial court is granted broad discretion in deciding whether to declare a mistrial and discharge a jury, *State v. McConvey*, 459 A.2d 562, 566 (Me.1983); *Linscott*, 416 A.2d at 260, the power to declare such a mistrial " 'ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious

causes....' " *Linscott*, 416 A.2d at 261 (quoting *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824)). Manifest necessity because of jury disagreement does not arise until the court determines that the jury is genuinely deadlocked. *Linscott*, 416 A.2d at 260. A jury is genuinely deadlocked only if there is no reasonable probability of their reaching an agreement. *Id.* at 260 n. 3.

On appeal we examine four factors to determine if a finding that the jury was deadlocked is supported and the declaration of a mistrial is justified.[4] Those factors are:

1) The number of hours the jury had deliberated, 2) the number of communications from the jury indicating an inability to reach a verdict, 3) whether each individual juror was asked whether any reasonable expectations of reaching a verdict existed, and 4) whether the defendant's counsel was provided an opportunity to participate in the decision to declare the mistrial.

*McConvey*, 459 A.2d at 567; *Linscott*, 416 A.2d at 260.

 In this case, the record does not support a finding that the jury was genuinely deadlocked. The jury was discharged five hours and thirty-five minutes after it began deliberations in a two-day trial. Approximately one hour of that time was spent receiving additional instructions or listening to the read-back of testimony. There was only one communication from the jury in the form of a note saying that it was unable to reach a verdict. Upon subsequent inquiry, eleven of the twelve jurors indicated that they felt they could agree

2. Art. 1, § 8 of the Maine Constitution provides: No person for the same offense, shall be twice put in jeopardy of life or limb.

3. The fifth amendment to the United States Constitution made applicable to the states by the fourteenth amendment, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), provides in pertinent part:
 [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.

4. In this case, we review the denial of Derby's motion to dismiss the charge after the first trial.

At the hearing on the motion, the State had the burden of "justifying the mistrial" by demonstrating that the jury was genuinely deadlocked. *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978); *State v. Linscott*, 416 A.2d 255, 259 (Me.1980). Although the State had the opportunity to present evidence to supplement the record of the first trial, *State v. Friel*, 500 A.2d 631, 634 (Me.1985), no such evidence was presented. Therefore the record of the first trial is the source of our review.

upon a verdict. Only forty-five minutes later, without any further communication from the jury demonstrating that they were deadlocked, the court *sua sponte* declared a mistrial without making any further inquiry of the foreman or individual jurors. In addition, defense counsel was given no opportunity to participate in the decision to declare the mistrial, and in fact, objected to it.

Because there is insufficient support in the record for a finding that the jury was genuinely deadlocked, there was no manifest necessity for the mistrial. Requiring Derby to stand trial a second time violated his right to be free from double jeopardy.

The entry is:

Judgment vacated. Remanded to Superior Court for entry of dismissal of the complaint.

All concurring.