STATE of Maine

v.

**Robert LEBROKE.**

Supreme Judicial Court of Maine.

Argued March 22, 1991.
Decided April 19, 1991.

---

Charles Leadbetter (orally), Patricia Mador, Asst. Attys. Gen., Augusta, Janet Mills, Dist. Atty., Auburn, for the State.

William Maselli (orally), Andover, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Robert Lebroke appeals from an order entered by the Superior Court (Oxford County, *Bradford, J.*) denying a motion for judgment of acquittal based on the legal insufficiency of the evidence presented at trial. The motion for judgment of acquittal was denied after the court discharged the jury because it was unable to reach a verdict on the charge against Lebroke—one count of unlawful trafficking in cocaine. 17–A M.R.S.A. § 1103 (1983 & Supp.1990). There has not been a second trial and thus no final judgment of conviction has been entered. Because the court's order denying Lebroke's motion for judgment of acquittal is interlocutory and not immediately appealable, we dismiss the appeal.

Lebroke and two codefendants, Michelle Lebroke and Bruce Thomas, were indicted on charges of unlawful trafficking in cocaine.[1] 17–A M.R.S.A. § 1103. The charges stem from a Bureau of Intergovernmental Drug Enforcement (BIDE) undercover investigation. At the close of all evidence at his trial, Lebroke moved for a judgment of acquittal based on the legal insufficiency of the evidence presented

against him. Following a hearing, the court denied the motion.

The jury began deliberations in the morning, were released for the day in the afternoon, and returned the following morning for further deliberations. During its deliberations, the jury indicated several times that it was unable to reach a verdict. After polling the jury, the court concluded that no verdict could be reached and, over Lebroke's objection, found manifest necessity to declare a mistrial and dismissed the jury.

Lebroke contends that the court's order denying his motion for judgment of acquittal is immediately appealable because a second trial is barred by the double jeopardy clauses of the Maine and United States constitutions. We disagree. Lebroke did not move for dismissal on the ground that a second trial would violate his right to be free from double jeopardy. His challenge to the court's finding of a manifest necessity for the mistrial is made for the first time on appeal.

■■■ As a general rule, appeals may be taken only from final judgments. *Bard v. Bath Iron Works,* 568 A.2d 1108, 1110 (Me.1990). The final judgment rule prevents piecemeal appeals and

> helps curtail interruption, delay, duplication and harassment; it minimizes interference with the trial process; it serves the goal of judicial economy and it saves the appellate court from deciding issues which may ultimately be mooted, thus not only leaving a crisper, more comprehensible record for review in the end but also in many cases avoiding an appeal altogether.

*Id.* (quoting *State v. Maine State Employees Ass'n,* 482 A.2d 461, 464 (Me.1984)). Interlocutory orders lack finality and are generally not appealable unless they fall within a recognized exception to the final judgment rule. *Id.* We have previously held that a pretrial order denying a motion to dismiss based on double jeopardy grounds is immediately appealable under

---

**1.** Initially, all three defendants pleaded not guilty. Michelle Lebroke and Bruce Thomas later changed their pleas to guilty.

the exception to the final judgment rule that permits appeals "where substantial rights of a party will be irreparably lost if review is delayed until final judgment." *State v. Hanson,* 483 A.2d 723, 724 (Me. 1984). We now are faced with deciding whether a trial court's denial of a defendant's motion for judgment of acquittal based on the insufficiency of the evidence produced at a first trial is immediately appealable when a mistrial has been declared and no final judgment has been reached in a second trial. We conclude that it is not.

Although its ruling dealing with federal appellate procedure is not binding upon this court, we note that the United States Supreme Court has concluded that a trial court's denial of a defendant's motion for a judgment of acquittal based on the legal insufficiency of the evidence is immediately appealable as an exception to 28 U.S.C. § 1291 when a mistrial has been declared *and* the defendant presents a "colorable" claim that a second trial would be barred by double jeopardy. *Richardson v. United States,* 468 U.S. 317, 321–22, 104 S.Ct. 3081, 3083–84, 82 L.Ed.2d 242 (1984). In deciding to entertain such appeals, however, the Court clearly indicated that it would continue to require that the trial court's ruling on the double jeopardy issue be final before reaching the merits of the order denying the defendant's motion for judgment of acquittal based on the legal insufficiency of the evidence. *Id.* at 322, 104 S.Ct. at 3084.

The record before us indicates that there is no ruling from the trial court on the issue of double jeopardy. Lebroke objected to the court's decision to declare a mistrial but he never specifically challenged the court's finding of a manifest necessity to declare the mistrial. Such a challenge properly would have been presented in a motion to dismiss the charge. Had Lebroke presented a motion to dismiss to the trial court, the State would have had the burden of justifying the mistrial by presenting evidence that the jury was genuinely deadlocked. *State v. Derby,* 581 A.2d 815, 817 n. 4 (Me.1990). Upon denial of the motion, Lebroke could have brought an interlocutory appeal based on double jeopardy grounds. *Id.* at 815 n. 1. On the present record, however, no motion for dismissal has been made and the State has not had an opportunity to present evidence to justify the mistrial. Consequently, the record is insufficient for effective review on the question of manifest necessity.

Because the double jeopardy issue is not properly before us, the trial court's interlocutory order denying Lebroke's motion for judgment of acquittal based on the legal insufficiency of the evidence is not immediately appealable. *Cf. Bernat v. Handy Boat Serv., Inc.,* 239 A.2d 651, 652–53 (Me.1968). We need not reach and do not decide whether the denial of Lebroke's motion for judgment of acquittal would have been an appropriate subject for review in an interlocutory appeal had the double jeopardy issue been properly presented to and decided by the trial court.

The entry is:

Appeal dismissed.

All concur.