**STATE of Maine**

v.

**Robert TRIBOU.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 1991.
Decided Oct. 11, 1991.

R. Christopher Almy, Dist. Atty., Michael Roberts, Deputy Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Thomas F. Shehan, Jr. (orally), Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendant Robert Tribou appeals from his conviction of unlawful sexual contact, 17–A M.R.S.A. § 255 (1983 & Supp.1990), in the Superior Court (Penobscot County, *Silsby, J.*). The conviction was entered after a second jury trial, necessitated by the declaration of a mistrial in defendant's first trial. Defendant makes three arguments on appeal: (1) the prosecution improperly delayed discovery of certain documents; (2) the Superior Court (*Smith, J.*) abused its discretion in denying his motion to release further discovery; and (3) the Superior Court (*Beaulieu, J.*) erred in denying defendant's motion to dismiss on grounds of double jeopardy.

Defendant was indicted on three charges of unlawful sexual misconduct. The alleged victim was his seven-year-old stepdaughter. Defendant moved to compel discovery of the reports compiled by the St. Michael's Center pertaining to the alleged victim. The Superior Court ordered St. Michael's Center to produce all records regarding the treatment of defendant's stepdaughter and stepson. Because of the confidential nature of the material, the court further ordered that the attorneys for the State and the defendant could review the records, but before they could copy, discuss, or make use of the contents, they had to submit a list of documents they wanted released to the court. The court would then rule on the release of copies of the desired documents.

Subsequently, prior to the first trial, defendant moved to release further discovery but failed to specify any particular documents. Defense counsel asserted that he wanted to discuss the document's contents with defendant and his investigator. Sometime later, defendant marked certain documents for release, but once again failed to submit a list to the court for its consideration. On the day of the first trial, the court ruled it would not order copies made available to defendant that day but would allow defendant continued access to the original documents during the proceedings.

During the first trial, and as part of the defendant's case-in-chief, the State's chief investigator, Harold Cammack, was called as a witness and asked about inconsistencies in the alleged victim's story (she had been interviewed several times). At sidebar, defense counsel stated that the cross-examination the State was pursuing could result in references to dismissed charges. Following the conference, the State asked a question and the witness's response consisted of inadmissible hearsay, and included graphic details that had not been provided by the alleged victim's testimony. The defendant moved for a mistrial, and the court granted his motion.

Before the second trial, defendant unsuccessfully moved to dismiss, claiming prosecution was barred by the double jeopardy clause of the United States Constitution. Defendant was retried and found guilty of one count of unlawful sexual contact. He now appeals the judgment of conviction.

I.

■ M.R.Crim.P. 16(b)(1) provides that upon defendant's written request the State shall allow access within a reasonable time to physical or mental examinations within its possession or control. Defendant argues he was prejudiced by the State's failure to provide timely access to records compiled by St. Michael's Center.

The issue of the State's delay is not properly preserved. Defendant did not move for the imposition of sanctions under M.R.Crim.P. 16(d) or ask for a continuance premised on the State's delay in delivering the documents. Now, after two trials, defendant would have us dismiss with prejudice. In the absence of any demonstration

of prejudice, we have no occasion to consider the harshest sanction available under Rule 16.

## II.

 Defendant also argues that the limits placed on his access to the St. Michael's documents constituted an abuse of discretion. Defendant maintains that the inability of his counsel to review the files in the company of the defendant and his investigator may have impaired his ability to prepare his case. The trial court's order in response to defendant's motion to produce contained the following provision:

> In the event that the prosecuting attorney or defense counsel desires to receive copies of any of the records reviewed by them, to discuss the contents of the records with anyone, or to make use of the records for any purpose, he or she shall list the documents or information sought to be released and present the request for release to the Court. The Court will then review the records and make a further order as to whether those records may be copied and released to any party or any other person.

This limit on access was imposed because of the "[c]ourt's need to weigh the confidentiality of these records against the necessity of the defendant to have access to the documents...."

Defendant failed to present a list of documents to the court. Instead, he moved for release asking the court to review the records for him. "The documents are too numerous to list as defense counsel would require the entire file. Defense counsel requests the Court to review the records and make a further order as to whether these copies may be released...." Later defendant marked certain documents for release but failed to submit a list of those documents to the court. No action was taken until the first day of trial, two months later, when the court denied defense counsel's request for copies, but granted him continued access to the original documents during the course of the trial.

"The touchstone of determining whether the Superior Court has properly exercised its discretion is whether in a given case that discretion is exercised 'in furtherance of justice.'" *Gagne v. Cianbro Corp.*, 431 A.2d 1313, 1318 (Me.1981). The action of the trial court in limiting access was prompted by legitimate concerns about the confidential nature of the material contained in the documents. The defendant had ample opportunity to review the documents and comply with the procedure imposed by the court's order. Defendant has failed to demonstrate any abuse of discretion.

## III.

Defendant argues that the mistrial declared in his first trial was provoked by the State's intentional misconduct and therefore retrial is barred by the double jeopardy clause found in the fifth and fourteenth amendments to the federal constitution. A defendant is protected against being "twice put in jeopardy of life or limb" for the same offense under both the Maine and federal constitutions. *State v. Derby*, 581 A.2d 815, 817 (Me.1990).

 A mistrial was declared on defendant's motion. Ordinarily, such a motion removes any constitutional bar to retrial. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *State v. Flick*, 495 A.2d 339, 344 (Me.1985). Under the federal constitution, however, the double jeopardy clause bars retrial when defendant's motion for mistrial was provoked by intentional prosecutorial misconduct. *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089–90, 72 L.Ed.2d 416 (1982).

 Defendant maintains that the State's failure to heed the warning given by defense counsel at sidebar, and the resulting offer of inadmissible hearsay, constituted intentional prosecutorial misconduct. During the bench conference preceding the question and answer in issue, defense counsel warned the court and the State that the prosecution's line of questioning could lead to the mention of related criminal charges against defendant that had been dismissed. The State replied that

it would not touch upon the dismissed charges, but wished to show that although the alleged victim's narrative differed in detail, it remained the same in substance.

The State proceeded with its cross-examination of Detective Cammack and he related a conversation between himself and the alleged victim that included graphic details of the alleged sexual misconduct. After the testimony had been given, defendant objected claiming the testimony was inadmissible hearsay. The State countered that the evidence was offered as a prior consistent statement, intended to counter the inference of fabrication drawn by defendant. The defendant moved for a mistrial. The State objected and argued that the testimony was admissible, or, if not, any error could be cured by instruction. The court concluded that the testimony improperly bolstered the credibility of the alleged victim and declared a mistrial.

Defendant maintains that the State intentionally provoked the mistrial because of the weakness of its case. We conclude that the Superior Court did not err in finding that the State's actions do not constitute intentional prosecutorial misconduct. Defense counsel's comments at sidebar dealt with another matter entirely and made no reference to a hearsay objection.

The entry is:

Judgment affirmed.

All concurring.