**STATE of Maine**

v.

**William M. BEAUDOIN.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1991.
Decided Dec. 26, 1991.

John W. Connelly (orally), Asst. Atty. Gen., Portland, for plaintiff.

Kenneth I. Marass (orally), Waterhouse, Titcomb, Marass, Flaherty & Knight, Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendant William Beaudoin appeals a Superior Court (York County, *Brennan, J.*) order denying his motion to dismiss on grounds of double jeopardy. Defendant argues that retrial is barred because the Superior Court declared a mistrial on its own motion, without his consent, and in the absence of manifest necessity. We conclude that defendant consented to a mistrial and we affirm the order.

Defendant was indicted for two counts of Aggravated Trafficking in Drugs and one count of Conspiracy to Traffick in Scheduled Drugs. On December 20, 1990, his trial began, a jury was sworn, and the State proceeded with its case-in-chief. Defense counsel noticed a discrepancy between a taped phone conversation the State planned to admit and the copy of the tape that had been provided to defendant during discovery. The parties brought the discrepancy to the court's attention and the court decided to proceed with the trial up to the point at which the State planned to introduce the tape.

Following a recess, the court found that the discrepancy was the result of an inadvertent error on the part of the State. The defense unsuccessfully moved to have all the tapes excluded. The court ruled that it would exclude that portion of the tape that had not been provided to defense counsel, but that if defendant were to take the stand and deny the conversation, the omitted portion could be used to impeach him. The court ultimately declared a mistrial and after hearing further testimony, decided that the State's actions did not warrant the imposition of sanctions under M.R.Crim.P. 16(b) and denied defendant's motion for dismissal with prejudice. The case was rescheduled for trial and defendant moved for dismissal on the ground of double jeopardy. The Superior Court denied defendant's motion and this appeal followed.

 Barring intentional prosecutorial misconduct, a defendant's motion for, or consent to, a declaration of mistrial eliminates any constitutional barrier, created by the double jeopardy clause of either the United States or Maine Constitutions, to retrial. *State v. Flick,* 495 A.2d 339, 344 (Me.1985). Retrial is also allowed where the defendant's conduct constitutes implied consent to the declaration of mistrial. *Camden v. Circuit Court of Second Judicial Circuit,* 892 F.2d 610, 614 (7th Cir. 1989). A defendant's failure to object operates as implied consent to the declaration of mistrial. *See United States v. Buljubasic,* 808 F.2d 1260, 1265–1266 (7th Cir.1987) (defendant's silence constituted consent when judge proposed a mistrial and invited comments) *cert. denied* 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987).

 After learning that the tape would be admissible to impeach the defendant should he take the stand, the defendant suggested that a mistrial with prejudice (a form of relief not available under the

Maine Rules of Criminal Procedure) be declared. The court informed defendant that what he was really asking for was a dismissal with prejudice and that the court would not enter such a dismissal absent a showing of bad faith on the part of the State. The proceedings were adjourned to give defendant time to consider what action he wished to take.

The next day defendant repeated his request for mistrial with prejudice. Defendant did not object to the court's declaration of a mistrial, even though it was clear that the court was not granting defendant the relief he had requested, a mistrial with prejudice. The court stated that it was declaring a mistrial and would entertain testimony on the issue of whether to dismiss the indictment with prejudice, after discharging the jury. Defendant replied that he had no objection to the discharge of the jury. The Superior Court did not err in finding that defendant impliedly consented to the declaration of mistrial. Accordingly, subsequent prosecution is not barred.

The entry is:

Order affirmed.

All concurring.