[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The motion to strike is the proper vehicle with which to challenge the legal sufficiency of claims contained within the, pleading, i.e., it is the vehicle to utilize to raise and dispose of questions of law prior to trial. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 438 (1989). The motion to strike is governed by Practice Book 151 through 158.
Practice Book 152 provides, in pertinent part, that a party may file a motion to strike whenever that party "wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ." Id. "a motion to strike is appropriate to test the legal sufficiency of a cause of action. Practice Book 152. The motion admits all well-pleaded facts, but not conclusions of law. Verdon v. Trans-America, Ins. Co.,187 Conn. 363, 365, 446 A.2d 3 (1982). When considering a motion to strike, the court is limited to the grounds specified in the motion; Meridith v. Police Commission, 182 Conn. 138, 140,438 A.2d 27 (1980); and should construe the challenged allegations in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 49 A.2d 986 (1982). If facts provable under the allegations would support a cause of action, the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980)." Levenstein v. Yale University, 40 Conn. Sup. 123, 124-125,483 A.2d 724 (1984, Aaronson, J.). See also Ferryman v. Groton, supra, 142.
The defendant's, TCE Corporation's, motion to strike does not challenge the legal sufficiency of the plaintiff's, Jarvis', cause of action but instead raises questions of fact. The motion to strike is denied.
BURNS, J. CT Page 2106