2000 ME 114

**STATE of Maine**

v.

**Jayne CHASE.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 25, 2000.

Decided June 19, 2000.

---

Stephanie Anderson, District Attorney, Julia Sheridan, Assistant District Attorney, Portland, for the state.

Thomas Connolly, Portland, for the defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Jayne Chase appeals from an order of the Superior Court (Cumberland County, *Humphrey, J.*) denying her motion to dismiss based on double jeopardy.[1] Chase argues that it was error for the court to determine that the inappropriate comment made by the prosecutor that necessitated the mistrial did not create a constitutional bar to a retrial. We disagree and affirm.

[¶ 2] Chase was charged with operating a vehicle under the influence of intoxicating liquor in violation of 29–A M.R.S.A. § 2411 (1996).[2] On August 23, 1999, her first trial was commenced, a jury was sworn, and the State proceeded with its case-in-chief. During defense counsel's cross-examination of the officer who had been assigned to administer the intoxilyzer test to Chase, the prosecutor interrupted and stated the following:

> Your Honor, I believe [defense counsel] is beyond the questions he can ask an

---

1. Although interlocutory orders lack finality and are generally not appealable pursuant to the final judgment rule, a pretrial order denying a motion to dismiss based on grounds of double jeopardy is immediately appealable under the exception to the final judgment rule that permits appeals "where substantial rights of a party will be irreparably lost if review is delayed until final judgment." *State v. Hanson,* 483 A.2d 723, 724 (Me.1984); *see also Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

2. Section 2411 provides in pertinent part as follows:

    1. **Offense.** A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:

    A. While under the influence of intoxicants; or

    B. While having a blood-alcohol level of 0.08% or more.

officer *and the defendant can testify, if she takes the stand,* about what she thought.

[¶ 3] On hearing this statement, defense counsel immediately asked for a sidebar conference during which he requested and was granted a mistrial. Although it granted the mistrial on the ground that the errant comment created an expectation on the part of the jurors that they would hear from the defendant, the court indicated that it understood the point the State was trying to make when the comment was made and that the inappropriate wording had been used inadvertently. Chase then filed a motion to dismiss the complaint based on the prior jeopardy of the first trial.

[¶ 4] At the hearing on the motion, the State characterized the prosecutor's conduct as a "rookie" mistake and stated the prosecutor was embarrassed that his errant comment had caused a mistrial. Chase conceded that the comment may have been the result of a "rookie error," but argued that an actual intent to bring about a mistrial is not the appropriate standard, and that the conduct need only

be intentional insofar as it is the prosecutor's intent to say the words.

[¶ 5] The court, citing *State v. Tribou,* 598 A.2d 173, 175 (Me.1991), concluded that a mistrial declared on the defendant's motion removes any constitutional bar to retrial, unless the motion was provoked by intentional prosecutorial misconduct. Finding no intentional misconduct, the court denied Chase's motion to dismiss. Chase has appealed from this order.

■■■■ [¶ 6] Criminal defendants are protected against being " 'twice put in jeopardy of life or limb' for the same offense under both the Maine and federal constitutions." *State v. Cotton,* 673 A.2d 1317, 1319 (Me.1996) (quoting *Tribou,* 598 A.2d at 175). A motion by the defendant for mistrial, however, "is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." *State v. Flick,* 495 A.2d 339, 344 (Me.1985) (quoting *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)). As to the conduct of the prosecutor, we have stated that, "[b]arring *intentional* prosecutorial misconduct,[3] a

---

**3.** As an alternative to the "intentional prosecutorial misconduct" standard, Chase invites us to adopt an "inexcusable negligence" standard. We decline the invitation. The rule finds its origin in *Hylton v. Eighth Judicial Dist. Court of Nevada, Dep't IV,* 103 Nev. 418, 743 P.2d 622 (1987). In *Hylton,* a Nevada court held the State's negligence that led to the necessity of a mistrial "inexcusable" where the prosecutor was warned as early as seven months prior to trial and on three separate occasions that one of the State's witnesses could invoke the attorney-client privilege if the defendant's counsel continued to represent the defendant at trial. *Id.* at 627. As of the calendar call, the prosecutor had made efforts to compel that witness's attendance at trial while at the same time opposing the defense counsel's motion to continue the trial so his client could obtain new counsel. *See id.* The court concluded that "[t]he prosecutor did not prevent the circumstances for a mistrial from occurring, when the prosecutor had adequate notice that a mistrial was likely to occur and when the prosecutor's office was expressly asked by the [trial] court to be forthcoming on that issue." *Id.*

As the facts of *Hylton* demonstrate, the court's characterization of the prosecutor's conduct as "negligent" appears to be quite generous. The prosecutor was on notice for seven months that one of his witnesses could cause problems at trial because of the witness's relationship with defense counsel. In spite of his awareness of this situation, the prosecutor made affirmative efforts to compel that witness's attendance at trial and to block defense counsel's attempt to remove himself from the case. Certainly, the conduct of the prosecutor in the present case, which was an isolated and spontaneous statement made in the middle of a trial, cannot be considered to rise to this level.

In the present case, all we have before us is an isolated comment of a prosecutor made as a spontaneous reaction to what he perceived as an improper question posed to a witness. As Chase has failed to put before us a case that includes conduct that could constitute inexcusable neglect, we have no cause to consider the prudence of Nevada's rule.

defendant's motion for ... a declaration of mistrial eliminates any constitutional barrier, created by the double jeopardy clause of either the United States or Maine Constitutions, to retrial." *State v. Beaudoin,* 600 A.2d 1097, 1098 (Me.1991) (emphasis added); *see also Tribou,* 598 A.2d at 175 (citing *Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)). Moreover, the prosecutorial misconduct "must rise to an egregious level for double jeopardy to bar a retrial. A defendant cannot be retried *only where the conduct of the prosecutor is undertaken ... to prevent an acquittal that [the prosecutor] believed at the time was likely to occur in the absence of his misconduct.*" *United States v. Gary,* 74 F.3d 304, 315 (1st Cir.1996) (internal quotations omitted) (citing *United States v. Wallach,* 979 F.2d 912, 916 (2nd Cir.1992), cert. denied, 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993)) (emphasis added); *Kennedy,* 456 U.S. at 679, 102 S.Ct. 2083; *United States v. Cartagena–Carrasquillo,* 70 F.3d 706, 714–15 (1st Cir.1995).

■ [¶ 7] We will not upset a trial court's factual determination that there was no intentional prosecutorial misconduct unless the finding is clearly erroneous. *State v. Chapman,* 496 A.2d 297, 301 (Me.1985). In the present case, the trial court, which was in the best position to view the course in which the trial was moving and the conduct of counsel, stated that it understood what the prosecutor was attempting to do when he made the improper statement. The court also felt compelled to state more than once its belief that the improper statement was made inadvertently and was in no way an attempt to purposely interfere with Chase's right to have her case tried before that tribunal.

■ [¶ 8] Later, at the hearing on Chase's motion to dismiss, both parties recognized the statement as a "rookie" error. Moreover, the court's order includes a factual finding, which Chase in her brief expressly states she does not

challenge, that the remark was "inadvertent and not intentional." Thus, there is no question that the inappropriate comment was made inadvertently and did not constitute intentional prosecutorial misconduct that was intended to force a mistrial and prevent an impending acquittal. *See Gary,* 74 F.3d at 315; *see also, e.g., Chapman,* 496 A.2d at 300 (retrial not barred where prosecutor inquired of medical expert as to cause of victim's death where two defense objections had been sustained on the ground of improper foundation); *State v. Tibbetts,* 299 A.2d 883, 890 (Me. 1973) (retrial ordered where prosecutor had impermissibly commented during closing argument on defendant's failure to testify).

The entry is:

Judgment affirmed.