2000 ME 202

**STATE of Maine**

v.

**David NIELSEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 15, 2000.

Decided Nov. 16, 2000.

---

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

William S. Norbert, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

■ [¶ 1] David Nielsen appeals an order entered in the Superior Court (Cumberland County, *Perkins, A.R.J.*) denying his motion to dismiss the criminal indictment brought against him.[1] Nielsen contends that by refusing to dismiss the indictment, the court violated his rights under the Double Jeopardy Clauses of the United States and Maine Constitutions. We agree with Nielsen and remand to the Superior Court with instructions to enter a judgment dismissing the indictment.

[¶ 2] On December 10, 1998, Nielsen was indicted on charges of criminal threatening with a dangerous weapon and assault pursuant to 17-A M.R.S.A. §§ 207, 209 (1983 & Supp.1999). On April 22, 1999, the jury trial date for the two charges in the Superior Court (*Bradford, J.*), the State indicated that although all of its other witnesses were available, its key witness and the alleged victim, Virginia Burke, could not be located, even though she had been subpoenaed and a warrant issued for her arrest. The State continued its attempts to find Burke, and decided to proceed with its other witnesses.

[¶ 3] The jury was impaneled, four State's witnesses were examined, and the case was then continued over Nielsen's objection to allow the State time to locate Burke. When the trial reconvened four days later, Burke had still not been located. Following the State's disclosure that it intended to rest on the evidence already presented without Burke's testimony, Niel-sen moved for a judgment of acquittal, citing a lack of substantive evidence as well as a violation of his right of confrontation. The State then moved for a mistrial. The court found that Burke was unavailable as a witness through no fault of the State, and granted the mistrial on grounds of public necessity based on the "inability of the state to compel the attendance of Miss Burke."

[¶ 4] Nielsen later moved to dismiss the indictment, which had been amended in the meantime, on the ground that a second trial would violate his double jeopardy rights. It is from the court's denial of the motion to dismiss that Nielsen appeals.

■ [¶ 5] The Double Jeopardy Clauses of the U.S. Constitution,[2] applied to the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), as well as the Maine Constitution[3] guarantee freedom from multiple trials for the same offense in order to protect against the emotional, financial, and societal burdens of defending oneself repeatedly. A stronger second prosecution may be a consequence of a mistrial, but cannot be its purpose. A crucial aspect of double jeopardy is the right of the defendant to have his case tried completely by one tribunal. *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949). Double jeopardy attaches when the jury is impaneled in a jury trial. *State v. Rowe,* 480 A.2d 778, 781 (Me.1984). A declaration of mistrial after a jury is impaneled will thus prevent the government from attempting prosecution again on the same charges except in certain limited circumstances— when the defendant consents to the mistrial,[4] or a manifest necessity for the mistrial

---

1. "[A] pretrial order denying a motion to dismiss based on double jeopardy grounds is immediately appealable under [an] exception to the final judgment rule ...." *State v. Lebroke,* 589 A.2d 941, 942–43 (Me.1991).

2. "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb ...." U.S. Const. amend. V.

3. "No person, for the same offense, shall be twice put in jeopardy of life or limb." Me. Const. art. I, § 8.

4. Nielsen did not consent to the mistrial in this case.

exists. *State v. Landry*, 600 A.2d 101, 102 (Me.1991).

[¶ 6] The State may retry a defendant following a declaration of mistrial only when "taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824). The manifest necessity exception is narrow, and should be used sparingly, only "with the greatest caution, under urgent circumstances, and for very plain and obvious cases ...." *Landry*, 600 A.2d at 102 (quoting *Perez*, 22 U.S. at 580, 9 Wheat. 579). Classic examples of manifest necessity include: a "genuinely deadlocked" jury; discovery of bias among the jurors; illness of a juror, judge, or the defendant; or when a fixed court term ends prior to verdict. *State v. Slorah*, 118 Me. 203, 209, 106 A. 768, 771 (1919); *State v. Derby*, 581 A.2d 815, 817 (Me.1990).

[¶ 7] On appeal of a denial of a motion to dismiss on grounds of double jeopardy following a mistrial based on manifest necessity, we review the ruling of the motion justice to determine whether the findings of fact of the trial justice, and of the motion justice, are supported by substantial evidence, and whether the legal conclusion is correct. *Landry*, 600 A.2d at 102. On a motion by a defendant to dismiss the indictment following a mistrial, it is the State's burden to show that the mistrial was manifestly necessary. *State v. Friel*, 500 A.2d 631, 634 (Me.1985).

[¶ 8] It is undisputed in this case that jeopardy had attached at the impaneling of the jury on April 22, 1999. We must determine whether the unavailability of the State's key witness was a sufficient basis on which to conclude that there was a manifest necessity to declare a mistrial and to remove the second prosecution from the scope of double jeopardy protection. *Friel*, 500 A.2d at 634; *Landry*, 600 A.2d at 102. In the circumstances of this case, we conclude that it was not.

[¶ 9] The State was aware that its most important witness was unavailable before the trial began. It could have sought a continuance, or dismissed the case without prejudice prior to trial and reindicted Nielsen at a later time. The State chose instead to proceed with the trial and present those witnesses that were available. Only after Nielsen moved for a judgment of acquittal did the State move for a mistrial.

[¶ 10] The State contends that the unavailability of its key witness through no fault of the State is sufficient reason for the declaration of a mistrial. Nielsen argues that the absence of a witness can *never* constitute manifest necessity. Although Nielsen is correct that the law does not encourage mistrials based on the unavailability of prosecution witnesses, *Arizona v. Washington*, 434 U.S. 497, 508, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), we reject the bright line rule he proposes and conclude that the determination should be made instead on a case by case basis.

[¶ 11] There have been very few cases, however, in which double jeopardy did not operate to bar the retrial of a defendant following a mistrial based on a witness's unavailability.[5] This is not one of those few cases.

[¶ 12] In choosing to proceed with the jury trial, the State assumed the risk of not finding its key witness, and decided to rest on the evidence presented through other witnesses. To require Nielsen to stand trial a second time would be to

---

5. In *Wade*, for example, manifest necessity was upheld for mistrial in a court-martial where American troops' advances into Germany during World War II necessitated movement of the command post holding the court-martial too far from the location of crucial civilian witnesses, rendering them unavailable. *Wade*, 336 U.S. at 692, 69 S.Ct. 834. Retrial was permitted in another case when two witnesses for the State invoked the privilege against self-incrimination in order to dispose of their own charges before testifying. *Brock v. North Carolina*, 344 U.S. 424, 426–28, 73 S.Ct. 349, 97 L.Ed. 456 (1953), *overturned in part by Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

permit the State to secure a kind of post-jeopardy continuance, allowing it to gather more evidence to bolster its case. This the Double Jeopardy Clauses do not permit. In view of the narrowness of the manifest necessity standard and the existence of other alternatives available to the State, the denial of Nielsen's motion to dismiss the indictment was error.

The entry is:

Denial of the motion to dismiss vacated. Remanded to the Superior Court for the entry of a judgment of dismissal.