2003 ME 18

**STATE of Maine**

v.

**Fredric LEWIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 13, 2002.
Decided: Feb. 20, 2003.

Geoffrey A. Rushlau, District Attorney, F. Todd Lowell, Asst. Dist. Atty., Wiscasset, for State.

William M. Avantaggio, Damariscotta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Fredric Lewis appeals from an order of the Superior Court (Lincoln County, *Atwood, J.*) denying his motion to dismiss a criminal complaint based on a claim that prosecution would violate his constitutional right not to be subjected to double jeopardy. He argues that the Superior Court erred when it found the State had met its burden of proving a manifest necessity for the declaration of a mistrial. We affirm the Superior Court's order.

## I. BACKGROUND

[¶ 2] On November 15, 2001, the State filed a criminal trespassing complaint against Lewis, and Lewis requested a jury trial in the Superior Court. A jury, with one alternate juror, was impaneled on March 6, 2002. None of the jurors indicated that they recognized any of the names from the parties' witness lists.

[¶ 3] Early in the morning of the day of trial, the alternate juror was dismissed due to illness. The State called Raymond Murray, the husband of the alleged victim, as its second witness. As soon as Murray took the witness stand, the jury foreman

informed the court that he knew Murray from the gym in which both exercised. After a brief voir dire, Lewis requested that the foreman be removed from the jury because he was "concerned about the ... connection between the witness and the victim." In response to the defendant's request, the court agreed that it was necessary to remove the foreman from the jury. The court offered Lewis the opportunity to proceed with fewer than twelve jurors, but Lewis, after consulting with counsel, declined, as was his right. The court (*Cole, J.*) declared a mistrial based on "manifest necessity," and concluded that neither the loss of the twelfth juror nor the consequent mistrial was the fault of the State.

[¶ 4] When the State took action to try the case again, Lewis moved to dismiss the complaint on double jeopardy grounds. The motion court found that "manifest necessity" had existed for the trial court to declare a mistrial because the State had not caused the mistrial, and Lewis declined to agree to proceed either with the foreman in the jury or with an eleven member jury. The motion court (*Atwood, J.*) denied Lewis's motion for dismissal, and this appeal followed.

## II. DISCUSSION

[¶ 5] The denial of a motion to dismiss on double jeopardy grounds is immediately appealable. *State v. Hanson,* 483 A.2d 723, 724 (Me.1984). When we are presented with an appeal of a motion to dismiss following a mistrial for manifest necessity, "we review the ruling of the motion justice to determine whether the findings of fact of the trial justice, and of the motion justice, are supported by substantial evidence, and whether the legal conclusion is correct." *State v. Nielsen,* 2000 ME 202, ¶ 7, 761 A.2d 876, 879.

[¶ 6] The double jeopardy clauses of the ·U.S. Constitution and the Maine Constitution prevent a person from being tried for the same crime twice by the same sovereign. U.S. CONST. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ...."); ME. CONST. art. I, § 8 ("No person, for the same offense, shall be twice put in jeopardy of life or limb."). When a court declares a mistrial after the jury has been impaneled, the prohibition against twice placing a defendant in jeopardy does not prevent a second prosecution when the defendant consented to the mistrial or when there was manifest necessity for the declaration of a mistrial. *Nielsen,* 2000 ME 202, ¶ 5, 761 A.2d at 878–79.

[¶ 7] "[T]he State must shoulder the heavy burden of justifying a mistrial as manifestly necessary." *State v. Rowe,* 480 A.2d 778, 782 (Me.1984). In deciding whether manifest necessity existed at trial when a defendant moves to dismiss on double jeopardy grounds, a motion court must afford the trial court's determination of manifest necessity substantial deference. *State v. Wright,* 531 A.2d 1270, 1271 (Me.1987). Similarly, we review the trial court's decision to declare a mistrial for manifest necessity for an abuse of discretion. *See State v. Torrie,* 2002 ME 59, ¶¶ 9, 11, 794 A.2d 82, 85, 86–87. Furthermore, the trial court's and motion court's factual findings related to manifest necessity will only be overturned if there is clear error. *See Nielsen,* 2000 ME 202, ¶ 7, 761 A.2d at 879.

[¶ 8] Here, we find no error in the court's conclusion that the State did not cause the loss of the twelfth juror, and there is sufficient basis to support the determinations by both the trial court and the motion court that manifest necessity existed for declaring a mistrial. The circumstances in this case present a classic example of manifest necessity. In *Niel-*

*sen*, we held, "Classic examples of manifest necessity include: ... discovery of bias among the jurors; [and] illness of a juror, judge, or the defendant ...." *Id.* ¶ 6. When Lewis moved to have the twelfth juror removed from the jury and declined to proceed with only eleven jurors, he left the court with no option short of the declaration of a mistrial. The trial court was faced with two unpalatable choices: continue with a juror whose presence the defendant and the court had identified as a barrier to a fair trial, or continue the trial with fewer than twelve jurors over the defendant's objection. Either of those approaches could have deprived the defendant of protections guaranteed him by the state and federal constitutions.[1]

[¶ 9] Accordingly, the manifest necessity for the declaration of a mistrial plainly existed once the court removed the foreman and Lewis indicated he would not continue the trial with eleven jurors. The trial court acted appropriately and the motion court did not err when it denied Lewis's motion to dismiss on double jeopardy grounds.

The entry is:

Judgment affirmed.

---

1. A court may not leave a nonimpartial juror on the jury. *See State v. Pierce,* 459 A.2d 148, 152 (Me.1983) (citing *Arizona v. Washington,* 434 U.S. 497, 511, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)). Continuing the trial without Lewis's consent to proceed with only eleven jurors is also prohibited by Maine law. ME. CONST. art. I, § 7; M.R.Crim. P. 23(b).