STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CRIMINAL ACTION
                                        DOCKET NO. CR-16-3856

STATE OF MAINE

v.                                      ORDER ON PENDING
                                        MOTIONS
MICHAEL STROM,

        Defendant

Before the court is defendant's request that the mistrial, granted after the jury found the defendant guilty of operating under the influence, be with prejudice. The court considers defendant's request as a motion to dismiss the complaint based on double jeopardy grounds. The State has filed a motion for reconsideration of the granting of the mistrial.

Background

Defendant's defense and closing argument focused on a mistake in the test results assigned to defendant and his friend and the fact that the State had not proved the charge beyond a reasonable doubt. (Closing Tr. 2-4, 8-9.) In rebuttal, the State argued: "I suggest to you that – I want you to ask yourselves, what possible motivation would two sworn law enforcement officers have to – to lie, to not tell the truth. There's no motivation. If they were caught lying, that would probably be the end of their careers. They've told you they've been officers for a long time." (Rebuttal Tr. 2.) After the rebuttal argument, the court, at sidebar, raised the issue of the inappropriateness of the prosecutor's argument and the fact that one of the officers, during argument, shook his head yes and no while the prosecutor argued. (Rebuttal Tr. 5-6; Discussion Tr. 6-7.) The officer was seated on the bench beside the prosecutor's table. The court has an

1

obligation to address comments and behavior the court believes are objectionable. See State v. Fahnley, 2015 ME 82, ¶ 39, 119 A.3d 727.

The circumstances of this case are troubling. The State does not acknowledge two instances of inappropriate conduct on the part of the State during trial. Instead, the State has filed a motion for reconsideration. The State argues that the rebuttal comments were appropriate, the comments apparently did not "bother" defense counsel because he did not object, and no evidence has been offered to show the jury saw the inappropriate behavior on the part of the officer. (Discussion Tr. 2-3, 5-6; Mot. for Recons. 1-3.) None of these arguments has merit.

The court, nevertheless, adheres to the rule that a "motion by the defendant for mistrial . . . is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." State v. Chase, 2000 ME 114, ¶ 6, 754 A.2d 961. "[P]rosecutorial misconduct must rise to an egregious level for double jeopardy to bar a retrial." State v. Johnson, 2014 ME 68, ¶ 13, 92 A.3d 351.

The entry is

State's Motion for Reconsideration is DENIED.

Defendant's Motion to Dismiss the Complaint is DENIED.

Date: February 3, 2017

Nancy Mills
Justice, Superior Court

2

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-16-3856

STATE OF MAINE

v.

MICHAEL STROM,

Defendant

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

Defendant moves to exclude evidence of the blood alcohol test and his statements. He argues there was insufficient probable cause to request defendant to take a test and that defendant's statements used in the probable cause determination were not voluntary. For the following reasons, the motion is denied.

Findings of Fact

Deputy Peter Anderson has worked for the Cumberland County Sheriff's Office since 2005. He trained at the Maine Criminal Justice Academy and his training included detection of impaired drivers.

On April 23, 2016, at approximately 11:00 p.m., he was on duty in uniform and a marked cruiser. He was dispatched to a personal injury motor vehicle crash on the Mayo Road. The crash involved a motorcycle and as many as three vehicles. Eventually a total of three marked cruisers arrived at the scene.

When he arrived, Deputy Anderson saw a damaged motorcycle in the right ditch. A white Ford truck with very heavy front end damage had veered off the left side of the road and hit a tree. The truck was totaled. Defendant, identified as the owner and operator of the truck, was standing beside the truck. Deputy Anderson noticed defendant's hands were bleeding and

1

he was extremely shaken up. Deputy Anderson smelled a strong odor of intoxicants coming from defendant's facial area as the two spoke. Defendant's eyes were bloodshot and glassy and he was a bit unsteady on his feet. Defendant stated he was pretty shaken up because he took a hard hit when the truck hit the tree.

Defendant was aware that the other officers left to find the driver of the motorcycle. If defendant had tried to leave, Deputy Anderson would have stopped defendant, although that was not told to defendant.

Defendant stated further that he and a friend had been at the Eagle's Club in New Gloucester and left together. Defendant's friend was driving a motorcycle in front of defendant. Defendant admitted the two were playing around and driving much too fast for the road. At the top of a knoll, defendant's friend slowed or stopped. Defendant swerved to avoid the motorcycle but hit it and then hit the tree. Defendant stated his friend was pretty angry and left the scene.

Deputy Peterson asked if defendant had been drinking. He said he had had two 32 ounce pitchers of beer at the Eagle's Club. He began drinking at 5:30 p.m. and drank the second pitcher one hour before he left the club. Deputy Peterson next asked defendant to rate himself on a scale of one to ten with one representing stone cold sober and ten representing falling down drunk. Defendant stated he was a four.

Deputy Anderson requested that defendant perform field sobriety tests. Defendant replied that he was very shaken by the crash and the truck's hard impact with the tree. Deputy Anderson asked if defendant would submit to a blood test. Defendant stated he would do anything that was needed. An officer from Gorham eventually arrived and administered the test.

2

Deputy Anderson and defendant walked to the ambulance when it arrived. Defendant was not in handcuffs and was very cooperative. The rescue personnel checked defendant and his friend, who had returned. Defendant signed off and was not taken to the hospital.

Conclusions of Law

### Probable Cause for Test

"The probable cause standard for requiring a person to take a blood alcohol test has a very low threshold." State v. Webster, 2000 ME 115, ¶ 7, 754 A.2d 976. Defendant admitted driving dangerously, which resulted in the serious crash. Deputy Anderson smelled a strong odor of intoxicants coming from defendant's facial area. His eyes were bloodshot and glassy and he was unsteady on his feet. He admitted drinking two 32-ounce pitchers of beer, drinking the second pitcher one hour before he left the Eagle's Club. Defendant rated himself on the sobriety scale as a four. Deputy Anderson had sufficient probable cause to believe the defendant was operating the truck while his senses were "impaired however slightly" or "to any extent" by the alcohol he admitted drinking. See id. (citation omitted). The request that the defendant take a blood alcohol test was justified on this record.

### Voluntary Statements

In order to find a statement voluntary, the State must prove beyond a reasonable doubt that the statement resulted from the "defendant's exercise of his own free will and rational intellect." State v. Caouette, 446 A.2d 1120, 1123-24 (Me. 1982). "A confession is voluntary if it results from the free choice of a rational mind, if it is not a product of coercive police conduct, and if under all of the circumstances its admission would be fundamentally fair." State v. Mikulewicz, 462 A.2d 497, 501 (Me. 1983). The requirement that a statement must be voluntary in order to be admissible "gives effect to three overlapping but conceptually distinct values: (1)

3

it discourages objectionable police practices; (2) it protects the mental freedom of the individual; and (3) it preserves a quality of fundamental fairness in the criminal justice system." Id. at 500.

Although he had been involved in a crash and was upset, defendant answered Deputy Anderson's questions appropriately and offered details of what had occurred, where he had been, and what he had done. Defendant signed off with the emergency personnel and did not go to the hospital. There is no evidence on this record of coercive police conduct. On this record, based on the totality of the circumstances, the State has proved beyond a reasonable doubt that the defendant's statements were voluntary. See State v. Sawyer, 2001 ME 88, ¶ 9, 772 A.2d 1173.

The entry is

Defendant's Motion to Suppress is DENIED.

Date: November 9, 2016

Nancy Mills
Justice, Superior Court

4