HENRY S. DAGGETT *versus* WILLIAM CHASE *and trustee.*

When exceptions shall have been filed and allowed in the District Court to any of its preliminary, collateral or interlocutory judgments, directions or opinions, the exceptions must remain among the proceedings of that Court, without being entered in this Court, until the action shall have been prepared by nonsuit, default or verdict for its final disposition between the plaintiff and defendants in that Court.

A trustee disclosed in the District Court, and filed exceptions to its rulings and entered the exceptions in this Court, before service had been made upon the principal defendant; *Held,* the exceptions must be dismissed, because prematurely brought into this Court.

THE opinion of the Court, (WELLS, J. dissenting,) was delivered by

SHEPLEY, C. J. — This action was commenced and entered in the District Court. Service was made upon the trustee, and no service was made upon the principal defendant. The person summoned as trustee appeared and made a disclosure and was adjudged trustee in that Court, and a bill of exceptions was in his behalf taken and allowed at the same term.

Thereupon further proceedings were stayed in that Court, and the action was entered at the next term of this Court by the trustee.

It is provided by statute, c. 97, § 18, that "the exceptions shall be allowed and signed by the presiding Judge of the Court before the adjournment thereof without day." It has been accordingly decided, that exceptions could not be legally taken to an order made at a prior term of the Court, permitting the declaration to be amended. *Sutherland* v. *Kittredge*, 19 Maine, 424. After exceptions have been taken and allowed, the statute provides, "that all further proceedings in said Court shall be stayed, excepting that any trial before a jury shall proceed until a verdict is rendered." The language of the section appears to have been used, having in mind only exceptions to be taken, while the action was on trial before a jury. And in such case it has been decided, that the exceptions should be taken before any judgment is rendered upon the verdict. *Mudget* v. *Kent*, 18 Maine, 349.

Exceptions may be taken to "any opinion, direction or judgment of the District Court in any matter of law, in a cause not otherwise appealable." They may, therefore, be taken to any such opinion, direction or judgment respecting a preliminary or collateral matter; such as an order permitting a declaration to be amended, or a judgment that a trustee is or is not charged. In such cases the exceptions must be taken and allowed at the term, when the opinion, direction or judgment is pronounced, and becomes operative upon the rights of the parties.

The question now presented is, whether, when exceptions have been taken and allowed, respecting such preliminary and collateral matters, they should remain as part of the record and proceedings in the District Court, until a nonsuit, default or verdict has been entered in that Court, preparing the action for a final disposition between the plaintiff and defendant, or be entered at the next term of this Court, and all further proceedings be stayed in the District Court, without any further proceedings in that Court for a disposition of the action upon the merits.

The nineteenth section of the statute provides, that "the party alleging exceptions shall enter the action in the Supreme Judicial Court at the next term thereof in the same county, and produce all the papers as in case of appeal." It is therefore clear, that the exceptions cannot be pending in this Court, while the action remains in the District Court. The proceedings in one action cannot be the foundation of two final judgments in different Courts at the same time. In the class of cases now under consideration, the statute does not by words determine, whether the person taking the exceptions shall enter the action in this Court, "at the next term thereof," after the exceptions have been allowed, or at the next term thereof after there has been a verdict or other disposition of the action between the plaintiff and defendant upon the merits; for the reason probably, that the framers of the statute did not contemplate, that cases would occur, in which those events would take place at different terms of the District Court.

If exceptions taken and allowed, respecting proceedings on preliminary and collateral matters are to stay all further proceedings in the action in the District Court, the effect will be, that all actions pending in that Court, may thus be brought into this Court for trial, without any disposition of them upon the merits, in that Court. And yet the thirteenth section of the statute permits appeals from judgments of that Court to this, only in actions, in which the debt or damage demanded exceeds two hundred dollars, and in certain other actions particularly designated, showing, that it was the intention, that such actions not appealable, should be tried or otherwise prepared for a final disposition upon the merits in that Court. And that this Court should not be burdened with the trial and disposition upon the merits of every description of action, which might be pending in that Court. If such is to be the construction, other serious mischiefs will occur in the course of the proceedings. Exceptions taken to an amendment allowed in the District Court, being immediately brought with the action into this Court, may be the occasion of an argument by counsel, of the deliberate consideration and decision of this Court, and of all

the delay and expense arising out of such a course of proceedure, and the plaintiff may afterward settle the action, become nonsuit, discontinue, have a verdict rendered against him followed by a judgment, or otherwise fail to support his action, and all the labor, expense and delay attending a discussion and decision of the point presented by the exceptions, become wholly useless.   A like result might take place, in case exceptions were taken and allowed to a judgment, upon the disclosure of a trustee, and the action were thereby brought into this Court.  After the question whether the trustee should or should not be charged, had been elaborately argued and fully considered and decided, the plaintiff might utterly fail to maintain his action, and the labor, expense and delay occasioned by the exceptions prove to be entirely useless.

If the construction be adopted, that the exceptions in such cases are to remain as a part of the proceedings in the District Court, until the action is there prepared by verdict, nonsuit, default or otherwise, for a final judgment between the plaintiff and the defendant, and then be brought into this Court with the action, the rights of all parties will be fully preserved, and all such waste of time, labor and expense will be saved.   If an amendment be permitted and exceptions thereto be taken and allowed, and the plaintiff at a subsequent time should fail to maintain his action, or it should be adjusted between the parties, or be referred, the exceptions allowed would become of no importance.   If the plaintiff should prosecute his action, until it was prepared for judgment against the defendant, such defendant would have the full benefit of his exceptions by entering the action at the next term of this Court.

In the present case, if the exceptions, after they had been allowed, had remained with the proceedings in the District Court, until the plaintiff had caused a service to be made upon the principal defendant and had prosecuted his suit against him so far as to have it prepared for a final judgment against him, the trustee might then have entered the action in this Court, at the next term, by virtue of his exceptions, and all his rights would have been fully preserved to him, and all useless expense

and labor would have been saved. If the action should now be considered as correctly brought into this Court, and the rights of the trustee should be now determined, it may prove to be a useless expense and labor ; for the plaintiff may fail to procure a legal service of his writ upon the principal defendant or to maintain his action upon an investigation of the merits.

Considering that the different provisions of the statute may all be allowed to have their full effect, that the rights of all parties may be fully preserved, that the actions may all be prepared for a final disposition in the Court designated for that purpose, and that all useless delay, expense and labor, may be saved by the latter construction ; and that these results cannot be produced by the former, the conclusion would seem to follow, that although the language may not upon a first reading be most favorable to it, yet such must have been the intention of the Legislature.

The action having been irregularly brought into this Court, is dismissed.

*Willis* and *Fessenden,* for trustee.

*G. F. Shepley,* for plaintiff.