STATE OF MAINE *vs.* NATHANIEL BROWN.

Sagadahoc. Opinion December 18, 1883.

*Criminal practice. Exceptions.*
</div>

Exceptions to the ruling of the court at *nisi prius* in overruling a motion of the respondent to be discharged from custody, after the jury had disagreed and been discharged of the case, must lie in the court of the county until final action there.

ON EXCEPTIONS.

Search and seizure.   The cause was tried at the August term, 1883, before a jury duly empanelled, who reported that they could not agree and were discharged, without a verdict and without the consent of the defendant, but with no objection on his part.   After the jury were discharged of the case the defendant asked to be discharged from custody.   This motion was overruled by the court and the defendant was delivered into the custody of the sheriff.   To this ruling the defendant alleged exceptions, and, on motion of the county attorney, these exceptions were certified to the Chief Justice as frivolous and intended for delay.

*F. J. Buker*, county attorney, for the state.

*W. Gilbert*, for the defendant.

PETERS, C. J.   We think these exceptions are not properly before us, and must be dismissed from this jurisdiction.   Exceptions should not be sent to the law court until the case is fully disposed of in the trial court.   If we entertain a hearing upon the respondent's motion before a determination of the cause at *nisi prius*, unnecessary delay may be occasioned.   If the case be sent to us once in this way, there is no reason why it could not come up in the same way over and again upon motions possible to be made.   In such event there might be a total failure of justice. It is not this case alone that we have in view but the principle of the thing.   The exceptions must lie in the court for the county until final action there.   This view is in accord with all the authorities. There are many analogous cases.   *Lamphear* v. *Lamprey*, 4 Mass. 107; *Daggett* v. *Chase*, 29 Maine 356; *Abbott* v. *Knowlton*, 31 Maine, 77.   The question presented is preliminary or collateral and not final.   It is fully covered by the case of *Cameron* v. *Tyler*, 71 Maine, 27.

*Exceptions dismissed from this court.*

BARROWS, DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.