**STATE of Maine**

v.

**John R. GRANT.**

Supreme Judicial Court of Maine.

Nov. 16, 1978.

Michael E. Povich (orally), Dist. Atty., Ellsworth, George C. Schelling, Law Student, for plaintiff.

Peter R. Roy (orally), Ellsworth, for defendant.

Before POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

The issue we must face in these appeals is whether the district attorney's cross-examination of the defendant injected inadmissible and prejudicial evidence to such a degree as to constitute reversible error. Since the issue was appropriately saved by seasonable objection and since the evidence thereby adduced went directly to the credibility of the defendant as a witness, we have concluded that the defendant has demonstrated such error.

We, therefore, sustain the appeals.

The four charges, alleged to have been committed on August 20, 1977, for which the defendant had been indicted were serious.[1] Upon conviction on all charges concurrent sentences were imposed which mandated a total confinement in the Maine State Prison of eleven (11) years.

An altercation had taken place in an area adjacent to a restaurant in Southwest Harbor in which one George Henderson had been seriously wounded by a bullet admittedly fired by the defendant from his "38 caliber Smith and Wesson revolver." Critical to the defense was the defendant's testimony that his use of the weapon was purely an attempt to prevent not only an unlawful arrest but the unlawful use of a firearm by a police officer in making such an arrest. Viewing the testimony in its entirety, the factfinder would not be entirely irrational in adopting the defendant's position, although an opposite result would certainly be sustainable. In short, a critically important factual issue was seriously contested. The defendant's testimony descriptive of his state of mind when the weapon was discharged had to be evaluated by the jury in resolving whether he had the necessary criminal intent which, under each indictment, had to be established by the State beyond a reasonable doubt.

On direct examination defendant had admitted ownership of the weapon. He further admitted he was carrying it in his jacket pocket at the time of the incident. During cross-examination the district attorney, over objection, was allowed to elicit from the defendant that he had violated Maine law by 1) carrying a loaded revolver in a motor vehicle (12 M.R.S.A. § 2456), and 2) carrying a concealed weapon without a license (25 M.R.S.A. § 2031). Likewise, over objection, the district attorney was allowed to ask questions which clearly inferred that the defendant had knowingly violated similar laws in Massachusetts, Rhode Island, New Jersey and New York, although there

---

1. There were four indictments conjoined for trial, namely: 1) Armed criminal attempt to commit criminal homicide in the second degree, 17–A M.R.S.A. § 152 and 17–A M.R.S.A. § 202 (repealed and replaced by P.L.1977, ch. 510, § 39, effective October 24, 1977); 2) Aggravated assault, 17–A M.R.S.A. § 208; 3) Armed criminal threatening, 17–A M.R.S.A. § 209; 4) Armed criminal reckless conduct, 17–A M.R.S.A. § 211.

was no suggestion that the defendant had been convicted of any of these offenses.[2]

Both 12 M.R.S.A. § 2456 and 25 M.R.S.A. § 2031 define crimes outside the Maine Criminal Code and each carries a maximum jail term of ninety days. Therefore, we must consider them as Class E crimes. 17–A M.R.S.A. § 4–A(3)(E). Conviction of either would be inadmissible to attack credibility under M.R.Evid. 609(a).[3]

The State has argued that the cross-examination was proper because probative of defendant's *mens rea* at the time of the alleged offenses. We can find no rational nexus, however, between the willful violation of gun control regulations in Maine and four other states and proof of the criminal intent requisite to convict the defendant of any of the crimes charged. *See, e. g., State v. Pinnette*, Me., 340 A.2d 17, 21 (1975), and *Bessey v. State*, Me., 297 A.2d 373, 376 (1972) (both of which dealt with the absolute necessity of proof of specific intent to kill under former 17 M.R.S.A. § 2656, the predecessor of 17–A M.R.S.A. § 202).

We acknowledge that there are occasions when "relevant evidence is not required to be excluded merely because it suggests a defendant's involvement in another crime." *State v. Gagne*, Me., 343 A.2d 186, 195 (1975); *State v. Northup*, Me., 318 A.2d 489, 493 (1974). In such cases, however, the testimony must be relevant to prove an essential element of the crime charged and not merely to "establish bad character or propensity to commit crime on the part of the accused." *State v. Eaton*, Me., 309 A.2d 334, 337 (1973). The latter situation aptly described the evidence admitted in the instant case.

In summary, we conclude that error was committed; that it was properly saved

for appellate review; that it cannot be stated beyond a reasonable doubt that this evidence did not affect the jury's consideration of the defendant's intent in using the weapon. *See State v. Gervais*, Me., 303 A.2d 459 (1973). The defendant is entitled to a new trial.

The defendant has urged other grounds in support of his appeal which, in view of the result reached, we need not decide.

The entry is:

Appeal sustained.

Judgment vacated.

New trial ordered.

McKUSICK, C. J., and WERNICK, J., did not sit.

2. 16 M.R.S.A. § 56 makes inadmissible to attack credibility any criminal conviction unless it is a "felony, any larceny or any other crime involving moral turpitude."

3. (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant.