STATE of Maine

v.

Roger WILLETTE.

Supreme Judicial Court of Maine.

June 13, 1979.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Portland, George Schelling, Law Student, for plaintiff.

Pinansky & Schwartz by Jack L. Schwartz (orally), David M. Pinansky, Portland, for defendant.

Before McKUSICK, C. J., POMEROY, ARCHIBALD, DELAHANTY and GODFREY, JJ., and DUFRESNE, A. R. J.

GODFREY, Justice.

Defendant Roger Willette was indicted for second degree arson (17 M.R.S.A. § 161) by a Cumberland County grand jury. His first trial ended in a hung jury and a mistrial. Defendant was retried, found guilty by verdict of a Superior Court jury, and now appeals from the judgment of conviction. We sustain the appeal.

The State has filed a motion in this Court to dismiss the appeal because the defendant did not comply with Rule 37, M.R.Crim.P. On May 24, 1978, the defendant filed a notice of appeal "from the verdict of guilty entered on the 17th day of May, 1978." The notice of appeal was filed before the announcement of sentence and entry of judgment in the criminal docket, both of which occurred on June 19, 1978. The criminal docket also states, under the June 19 entry, "Oral Motion of Notice of Appeal filed in Open Court."

Rule 37, M.R.Crim.P., provides for an appeal by a criminal defendant from a judgment of conviction. "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence." Rule 32(b), M.R.Crim.P. There is no provision in the Maine Rules of Criminal Procedure for an appeal from a jury verdict. Defendant's May 24, 1978, notice of appeal was therefore filed prematurely. Moreover, the oral motion made on June 19, 1978, though plainly an appeal from the judgment of conviction, did not comply with Rule 37(b), M.R.Crim.P.

However, the stated purpose of the Rules of Criminal Procedure is to provide for "the just determination of every criminal proceeding." Rule 2, M.R.Crim.P. The State has conceded that it has not suffered any prejudice. To avoid a denial of justice, we conclude that the timely docket entry of June 19 should be considered in conjunction with the written notice of appeal, which, save in the respects mentioned, satisfied the requirements of Rule 37(b), M.R.Crim.P. *See Yaretsky v. Blum,* 592 F.2d 65 (2d Cir. 1979). Accordingly, we deny the State's motion to dismiss and consider the merits of the appeal.

The charge arose from a fire which damaged the Yankee Squire restaurant in South Portland on November 10, 1975. Expert testimony by the State fire marshal's office established that the fire had been intentionally set. The sole issue at trial was whether the appellant was the arsonist.

The State's case depended almost entirely on the testimony of appellant's former wife, Diane Amoroso. She and appellant had been divorced about six months before the fire; she had remarried before the trial. In addition to testifying that the appellant had admitted setting the fire, Mrs. Amoroso described an evening trip she and appellant had made to the Yankee Squire a few days before the fire. According to her testimony, the following events occurred: Appellant picked her up at her apartment and they drove to South Portland. They first

stopped at a gasoline station where defendant took a five-gallon can and said he was going to get some gas. Mrs. Amoroso did not see her former husband fill the can and hence was unable to testify as to its contents.

According to Mrs. Amoroso, they then proceeded to the Yankee Squire motel, entered by a rear door and went to Room 200, which was adjacent to the restaurant. Defendant had a key to the room and they both entered. Appellant searched the room for some keys without success. Appellant then telephoned a "Rocco," explained that the keys were missing and requested instructions. Appellant and Mrs. Amoroso wiped the room clean of fingerprints and left. Before dropping her off, appellant informed her that he would have to go back to the Yankee Squire. The next morning appellant returned to her apartment with a large amount of fresh food in boxes. One of the boxes was marked "Yankee Squire." Appellant insisted that the food be rewrapped and the original wrapping be disposed of. Two days later appellant reappeared and admitted setting the fire. Mrs. Amoroso did not report this admission to the police until May of 1976. She attributed the delay to threats made to her by appellant.

Appellant took the stand and denied that any of the events described by his former wife had taken place. The credibility of those two witnesses was the critical issue in the trial because the State produced no other substantial evidence implicating the defendant. On direct examination, appellant admitted that he was out of the State from September or October of 1976 to September of 1977. Appellant explained to the jury that he left the State because he was out of work and wanted to get away from his former wife, who was then going out with her present husband. Appellant also testified that he was not aware of an indictment against him until he was arrested. Appellant had been indicted for arson on November 5, 1976. On cross-examination, the prosecutor inquired whether appellant was on bail when he left the State. Defense counsel objected. The prosecutor at

bench conference explained that he intended "to prove there were charges then pending and he fled the state to avoid prosecution." The presiding justice ruled that he would allow the questioning as relevant to the witness's credibility. Appellant then responded that he was on bail when he left the State.

The prosecutor continued by inquiring whether appellant had pleaded guilty to the charge involved. Defense counsel again objected. The prosecutor explained to the presiding justice that appellant had pleaded guilty to the charge and had later withdrawn the plea. The court ruled the questioning permissible, and appellant admitted that he had pleaded guilty to a charge of terrorizing but had later, at the time of sentencing, withdrawn the plea. Appellant contends that the trial justice committed prejudicial error in his rulings admitting evidence, first, that appellant was out of State while on bail, and, second, that appellant tendered and withdrew a guilty plea to a charge of terrorizing.

█ The State contends that appellant's being out of State in violation of his bail bond contract was properly admitted to impeach his credibility pursuant to Rules 608(b) and 611(b), M.R.Evid. rule 608(b) permits inquiry on cross-examination into specific instances of conduct of a witness, for the purpose of attacking or supporting his credibility, if they are probative of his truthfulness or untruthfulness. The mere fact that appellant had been out of State in violation of the conditions of his bail has little probative value on the issue of truthfulness. The prosecutor did not prove, as he promised, that appellant had fled the State to avoid prosecution. In fact, the State did not even show an actual default on appellant's appearance bond. Whatever slight probative value this evidence may have had was substantially outweighed by the prejudice likely to be generated by a disclosure that appellant had been charged and released on bail on another offense. Rule 403, M.R.Evid.

Rule 611(b), M.R.Evid. provides, in part: "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." This general rule does not expand the scope of the more specific Rule 608(b) or permit the introduction of evidence which does not satisfy the balancing test of Rule 403.

The prejudicial impact of this testimony was augmented by the evidence elicited, over defense counsel's objection, of a withdrawn guilty plea to a charge of terrorizing. The latter evidence, as the State now concedes, was inadmissible under Rule 410, M.R.Evid.[1]

The terrorizing charge was based on threats allegedly made by appellant to his former wife. Mrs. Amoroso testified that appellant had threatened to burn her apartment building down and had threatened her with a gun. Appellant denied ever threatening his former wife. The State did not produce any other evidence that the threats had been made. Thus there was a clear conflict in testimony between appellant and Mrs. Amoroso as to whether appellant had ever threatened her. Introduction of a withdrawn guilty plea in respect to a criminal indictment arising out of the threats was prejudicial error, improperly impairing his credibility in a trial which was essentially a credibility contest between appellant and his former wife. *See State v. Grant*, Me., 394 A.2d 274 (1978).

We conclude therefore, that appellant's credibility, of crucial importance in the trial, was substantially prejudiced by evidence erroneously admitted over objection. The judgment of conviction must be vacated.

The entry is:

State's motion to dismiss the appeal, denied.

Appeal sustained.

Judgment of conviction vacated.

---

1. Rule 410 provides:

    "Except as otherwise provided, evidence of a plea, later withdrawn, of guilty or nolo contendere, or of an offer so to plead to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea or offer."

WERNICK and NICHOLS, JJ., did not sit.

DUFRESNE, A. R. J., sat by assignment.