STATE of Maine

v.

Victor J. LEMAY.

Supreme Judicial Court of Maine.

Argued June 3, 1992.

Decided July 16, 1992.

Janet T. Mills, Dist. Atty., Patricia J. Reynolds Regan (orally), Asst. Dist. Atty., Auburn, for State.

Arthur J. Greif (orally), Isaacson & Raymond, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Victor Lemay appeals from an order of the Superior Court (Androscoggin County, *Delahanty, C.J.*) dismissing his appeal from an order of the District Court (Lewiston, *Scales, A.R.J.*) denying his motion to dismiss the State's criminal complaint against him. We agree with the Superior Court that this interlocutory appeal is not presently cognizable, and affirm its judgment dismissing the appeal for lack of a final judgment.

In August 1990, Officer Joseph Bradeen of the Lewiston Police Department, responding to the scene of an accident, issued a summons to Lemay for operating a motor vehicle while under the influence of intoxicating liquor. A criminal complaint was filed against Lemay in District Court for violation of 29 M.R.S.A. § 1312–B (Pamph. 1991).

Lemay's driving privileges were suspended by the Secretary of State on the ground that Lemay failed to comply with the duty to submit to a chemical test to determine his blood-alcohol level. *See* 29 M.R.S.A. § 1312(2) (Pamph.1991). Following a hearing before the Secretary of State requested by Lemay, *see id.*, on his suspension for refusal to submit to a chemical test, the administrative license suspension was rescinded and Lemay's driving privileges were restored. The hearing examiner's decision was based on a finding of insuffi-

cient probable cause to determine whether Lemay, or some other person, was driving the car.

■ Following this administrative decision, Lemay moved the District Court for dismissal of the criminal complaint against him. He argued that the hearing examiner's decision resolved the issue of operation of the vehicle against the State and that the State, therefore, should be estopped from proving Lemay's operation, an essential element of the crime of operating under the influence, in the criminal prosecution. The District Court, after hearing, denied Lemay's motion to dismiss. Lemay appealed the denial of his motion to dismiss to the Superior Court, which dismissed the appeal for lack of a final judgment. In Lemay's appeal to this court we review directly the refusal of the District Court to dismiss the OUI complaint against him. *City of Portland v. Gemini Concerts, Inc.,* 481 A.2d 180, 181 (Me.1984); *see State v. Ann Marie C.,* 407 A.2d 715, 721 (Me.1979) (juvenile criminal case).

■ It is well settled that appeals, in order to be cognizable, must be from a final judgment. *Department of Human Servs. v. Lowatchie,* 569 A.2d 197, 199 (Me. 1990); *In re Erica B.,* 520 A.2d 342, 343 (Me.1987); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 (2d ed. 1970 & Supp.1981). Orders that are interlocutory and not final are not generally appealable. *State v. Maine State Employees Ass'n,* 482 A.2d 461, 463 (Me.1984). In this case, because the complaint charging Lemay with operating under the influence remains pending in the District court, the denial of the motion to dismiss the complaint is an interlocutory order.[1] *Erica B.,* 520 A.2d at 343–44 (citing *Allen v. Cole Realty, Inc.,*

325 A.2d 19, 21 (Me.1974) (trial court action is interlocutory in nature if it does not fully decide and dispose of whole matter leaving nothing for further consideration at that level and when subsequent proceedings in case may render appellate decision immaterial)).

While the judicially created final judgment rule serves as a bar to immediate appeal from interlocutory orders, a few narrow and well-defined exceptions to this rule have been recognized. *Maine State Employees Ass'n,* 482 A.2d at 464; *see generally,* 2 Field, McKusick & Wroth at §§ 73.2–73.4a. This case does not fit within any of those heretofore recognized exceptions [2] nor are the circumstances so extraordinary as to warrant the creation of an additional exception to the rule. *See Lowatchie,* 569 A.2d at 199; *Maine State Employees Ass'n,* 482 A.2d at 464. The issue raised by Lemay, whether his operation of the vehicle has been conclusively resolved against the State by virtue of the hearing examiner's decision, will still be available for review on appeal should Lemay be found guilty. Lemay's present appeal is not cognizable and was properly dismissed by the Superior Court.

The entry is:

Judgment of dismissal affirmed.

All concurring.

---

1. On the facts of this case, Lemay's appeal from a denial of a motion to dismiss on the theory of *issue preclusion* is akin to an appeal from the denial of a motion to suppress. The denial of a motion to suppress is not immediately appealable by the defendant. *See DiBella v. United States,* 369 U.S. 121, 129–32, 82 S.Ct. 654, 659–61, 7 L.Ed.2d 614 (1962); 2 Cluchey & Seitzinger, *Maine Criminal Practice* §§ 37.9, 41A.8 (Rev. ed. 1992).

2. Contrary to Lemay's contention, his appeal does not fall within the double jeopardy exception to the final judgment rule. *See State v. Flick,* 495 A.2d 339, 341 (Me.1985). Unlike the protection afforded against double jeopardy, the collateral estoppel rule does not protect against standing trial. The criminal complaint pending against Lemay is the only prosecution for the alleged offense. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).