

David. W. Crook, Dist. Atty., Paul Rucha, Asst. Dist. Atty., Augusta, for the State.

William Maselli, Edward A. Charbonneau, IV, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN,. CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Aaron Miller appeals from an order entered in the Superior Court (Kennebec County, *Crowley, J.*) denying in part his motion for return of certain property seized in connection with his prosecution and ultimate conviction on charges of theft. The Superior Court ordered items of personal property returned to Miller, but directed that $2650 in cash be distributed *pro rata* to the victims of Miller's .crimes as restitution. Because the trial court exceeded its authority by permitting an insurance company as subrogee of one of Miller's victims to intervene in the criminal proceeding, we vacate the order and remand for further proceedings.

Miller stands convicted of a variety of property crimes. The Superior Court (Kennebec County, *Delahanty, C.J.*) entered judgments on jury verdicts of guilty to twenty counts of burglary, one count of attempted burglary, and one count of theft, 17–A M.R.S.A. §§ 401, 152 & 353 (1983 & Supp. 1993), which we affirmed. *See State v. Miller*, 626 A.2d 343 (Me.1993). Additionally, following a transfer of venue from Lincoln County, *see* M.R.Crim.P. 21(b), the Superior Court (Androscoggin County, *Delahanty, C.J.*) accepted a guilty plea in connection with a separate count of burglary at the property of Wiscasset Ford, an automobile dealership. Finally, the Superior Court accepted Miller's guilty plea on a charge of receiving stolen property originating in Androscoggin County. 17–A M.R.S.A. § 359 (1983).

These matters were consolidated for sentencing in October 1991. Following a hearing, the court imposed a sentence calling for Miller to be incarcerated for fifteen years, with all but eleven years suspended, followed by four years of probation. The court imposed special conditions of probation, includ-

STATE of Maine

v.

Aaron MILLER.

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1994.

Decided Aug. 19, 1994.

ing $10,000 in restitution to be prorated among the victims of Miller's criminal activity. It was noted at sentencing that Universal Underwriters Insurance Company was the insurer and subrogee of one of the victims, Wiscasset Ford.

In August 1992, Miller filed a motion in the Superior Court (Kennebec County) seeking the return of seized property pursuant to M.R.Crim.P. 41(e). The motion sought the return of a variety of personal items and $3112.44 in cash. In March 1993, Universal Underwriters filed a "motion for distribution of funds," requesting that the court distribute $2650 that was in the custody of the District Attorney in Lincoln County to the insurance company as part of Miller's restitution. The motion was signed by counsel to Universal Underwriters, and also bore the signature of an assistant district attorney beneath the notation "seen and agreed to."

The court conducted a hearing on the motion at which the State and the defendant appeared, as did Universal Underwriters. The insurance company represented to the court that it had obtained a civil judgment against Miller, although the judgment does not appear in the record of the instant criminal proceedings. The insurance company further stated through counsel that it had no objection to the court's disposing of its motion by distributing the seized funds to all the victims on a *pro rata* basis. The court thereafter entered an order granting Miller's motion as to the return of his personal property other than the cash, which the court ordered to be distributed *pro rata* to all of Miller's victims as restitution. Miller's appeal followed.[1]

Our criminal sentencing laws encourage restitution to victims of criminal activity. *See* 17-A M.R.S.A. §§ 1151, 1321–1329 (1983 & Supp.1993). Victims are free to appear at the time of sentencing and request that compensation be made part of the sentence or a condition of probation. The court should consider all assets belonging to the defendant in determining the amount of restitution, in-

cluding the manner of payment. The State has an obligation to bring to the court's attention any assets of the defendant that have been seized or are otherwise in the State's possession.[2]

Intervention of the kind that the court allowed here, however, is not contemplated by the provisions of M.R.Crim.P. 41(e). *Plumbago Mining Corp. v. Sweatt,* 444 A.2d 361, 367 (Me.1992), *cert. denied,* 459 U.S. 831, 103 S.Ct. 71, 74 L.Ed.2d 70 (1982). Rule 41(e) is not designed to address the claims of crime victims for compensation. *Id.* "[I]ntervention is not available to one who is not a party in a criminal proceeding … and who claims ownership rights to seized property which is the subject of a motion for return of property … and who has instituted civil process to establish his [proprietary] rights to the seized property." *Id.* We note, however, that the Rules of Civil Procedure permit a party that obtains a civil judgment to secure satisfaction of that judgment through a trustee process. *See* M.R.Civ.P. 4B. Thus, a plaintiff who obtains or is seeking a civil judgment stemming from Miller's criminal acts is able to reach the property held by the State. We see no reason to unnecessarily blur the clear distinction between civil and criminal proceedings. Accordingly, we vacate the court's order granting the motion submitted by the insurance company. We need not address Miller's contention that the court's order improperly modified his sentence.

The entry is:

That part of order requiring distribution of cash in possession of the State to the victims is vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

1. There is no challenge to that part of the court's order returning items of Miller's personal property.

2. Miller's property also can be considered by the trial court in determining whether Miller is indigent for purposes of his entitlement to court-appointed counsel.