STATE of Maine

v.

Aaron MILLER.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 20, 1995.

Decided Dec. 27, 1995.

David W. Crook, District Attorney, Paul Rucha, Assistant District Attorney, Augusta, for the State.

Sheila A. Cook, Auburn, for Defendant.

Before WATHEN, C.J. and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Aaron Miller appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) denying his motion for the return of cash seized prior to his prosecution and conviction on theft charges. The court directed the cash distributed to Miller's victims in partial satisfaction of Miller's restitution obligation. Miller argues that this order improperly modified his sentence which required him to pay restitution while on probation. We affirm the judgment.

Miller is presently a prisoner at the Maine State Prison following his conviction on various property crimes. See *State v. Miller*, 645 A.2d 1140 (Me.1994) for a detailed recitation of the facts. In October 1991 the court sentenced Miller to be incarcerated for fifteen years with all but eleven years suspended, followed by four years of probation. *Id.* As a special condition of probation the court ordered a total amount of $10,000 in restitution to be prorated among the victims of Miller's crimes. The court stated at sentencing that "I have factored this out at an average of $50 a week for a period of 200 weeks."

In August 1992 Miller filed a motion pursuant to M.R.Crim.P. 41(e),[1] seeking the return of some personal items and $3,112.44 in cash. *Id.* at 1141. At the request of an intervening subrogee of one of Miller's vic-

---

1. M.R.Crim.P. 41(e) states in pertinent part:
   A person aggrieved by an unlawful seizure may move the Superior Court in the county in which the property was seized for the return of the property on the ground that it was illegally seized.... If the motion is granted the court shall order that the property be restored unless otherwise subject to lawful detention....

tims the court ordered the cash distributed *pro rata* to all of Miller's victims as restitution. Miller appealed. Concluding that the Superior Court did not have the authority to allow a victim to intervene in a criminal proceeding, we vacated that portion of the court's order requiring distribution of the cash. *Id.* On remand, the court again directed that the cash in the State's possession be distributed to Miller's victims.[2] This appeal followed. Miller contends that he is not required to pay restitution until he is on probation and therefore the court erred in ordering his cash distributed now.

 Although the court made reference to how the amount of restitution ordered might average out over the period of probation, it did not restrict the time for making restitution solely to that period. The order does not preclude Miller from paying restitution prior to probation. Indeed, a percentage of Miller's wages earned in prison is always applied to this obligation. *See* 17–A M.R.S.A. § 1330 (Supp.1994).[3]

Miller also contends that because the cash was not listed on the search warrant it was illegally seized and should, for that reason, be returned to him. The court neither found nor was compelled to find that the cash was illegally seized. M.R.Crim.P. 41(e) states that property shall not be returned if it is "subject to lawful detention." The seized cash is subject to a valid restitution order. Accordingly, we find that the court properly applied the cash to Miller's restitution obligation and did not err in denying Miller's motion.

The entry is:

Judgment affirmed.

All concurring.

---

2. Universal Underwriters Insurance, the intervening subrogee in *State v. Miller*, 645 A.2d 1140 (Me.1994), had been identified as one of the victims entitled to restitution in a list of victims attached to the special conditions of probation imposed on Miller at the time of sentencing. Although we vacated the order providing for a *pro rata* distribution of the cash seized from Miller, including a distribution to Universal Underwriters, we did so only because the Superior Court reached its decision to order a *pro rata* distribution of the seized cash after permitting Universal Underwriters to intervene inappropriately in a criminal proceeding. Nothing in our decision precluded the Superior Court from ordering such a distribution on its own or the State's initiative. The Superior Court entered such an order on remand.

3. 17–A M.R.S.A. § 1330 (Supp.1994) states in relevant part:

    1. **Work program; payment of restitution.** No prisoner who has been ordered to pay restitution may be released pursuant to a work program ... unless he consents to pay at least 25% of his gross weekly wages to the victim until such time as full restitution has been made....