1998 ME 254

**STATE of Maine**

v.

**Glenn CURTIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1998.

Decided Nov. 25, 1998.

Stephanie Anderson, District Attorney, Deborah Chmielewski, Asst. Dist. Atty., Portland, for State.

William R. Savage, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Glenn Curtis appeals from a decision of the Superior Court (Cumberland County, *Crowley, J.*) which (1) affirmed his conviction for assault, 17–A M.R.S.A. § 207 (1983 & Supp.1997), (2) vacated his conviction for harassment by characteristics, 17 M.R.S.A. § 2931 (Supp.1997), and (3) vacated the sentence imposed and remanded to the District Court for resentencing on the assault charge. Because there is no final judgment following resentencing in the District Court, we dismiss this interlocutory appeal.

[¶ 2] As we have often stated, where, as here, the Superior Court acts as an intermediate appellate court, our review on further appeal is a direct review of the District Court judgment. *State v. Richford*, 519 A.2d 193, 195 (Me.1986). Because of the remand for resentencing, there is no final District Court judgment upon which to base an appeal to this Court.

[¶ 3] In our rules governing, respectively, appeals to the Superior Court, Rule 36(c) M.R.Crim. P., and appeals from the Superior Court to this Court, Rule 37(c) M.R.Crim. P., we set the standard for finality and appealability:

> A judgment or order is entered within the meaning of this paragraph when it is entered in the criminal docket. A notice of appeal filed after verdict or finding of guilty but before entry of judgment shall be treated as filed on the day of entry of judgment.

M.R. Crim. P. 36(c); M.R. Crim. P. 37(c).

[¶ 4] Judgment is considered to occur when a sentence imposed is entered on the criminal docket, *State v. Willette*, 402 A.2d 476, 477 (Me.1979). The above-cited rules, and *Willette*, recognize that a notice of appeal filed prematurely before sentencing and judgment may be deemed filed at the time of judgment. But sentencing and judgment still must occur before, not after, consideration of the appeal. A criminal case must have proceeded to final judgment before this court will review a defendant's claims of error. *State v. Lydon*, 450 A.2d 485, 486 (Me.1982); *see also State v. Bassford*, 440 A.2d 1059, 1061–1062 (Me.1982).

[¶ 5] There are certain exceptions to the general prudential practice of barring interlocutory appeals in criminal cases. Thus, where double jeopardy is an issue or in other instances "when substantial rights of a party will be irreparably lost if review is delayed until final judgment" this Court may entertain interlocutory appeals. *State v. Savard*, 659 A.2d 1265, 1266 (Me.1995); (quoting *State v. Hanson*, 483 A.2d 723, 724 (Me. 1984)); *see also State v. Lebroke*, 589 A.2d 941, 942 (Me.1991).

[¶ 6] No such substantial rights would be lost by awaiting final judgment, after sentencing, in this case. The principal issues in this case developed from a sentencing disagreement.

[¶ 7] Originally, at arraignment, the defendant and the State worked out an agreement where, in exchange for a plea, the defendant would pay a small fine and serve no jail time. On the appointed date for trial

the State revoked its offer because, in the State's view, the defendant had not complied with the conditions of the offer. The matter was then continued and ultimately tried before the District Court (Portland, *MacNichol, J.*) with the resulting convictions and a sentence which included jail time. From those convictions, the defendant appealed to the Superior Court which led to the remand for resentencing on the assault charge.

[¶ 8] It is conceivable that, upon resentencing, the defendant could receive a sentence that would be consistent with his original plea bargain offer. Then there would be no need for any further proceedings. This possibility demonstrates the validity of a cautious approach of allowing interlocutory appeals only where substantial rights may be irreparably lost and a firm position of requiring sentencing and final judgment before appeals may be considered on the merits in the great majority of cases.

[¶ 9] In the last century, refusing to hear an interlocutory appeal, our predecessors observed:

> If the case be sent to us once in this way, there is no reason why it could not come up in the same way over and over again upon motions possible to be made.

*State v. Brown*, 75 Me. 456, 457 (1883). That observation remains good advice today.

[¶ 10] The actions of the trial court about which the defendant complains, denial of his delayed requst for a jury trial and alleged improper burden shifting, may be fully considered without any prejudice to the defendant, after he elects whether to appeal from any sentence that may be imposed on remand.

The entry is:

Appeal dismissed. Remanded to the Superior Court for remand to the District Court for imposition of sentence and entry of final judgment.