MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2014 ME 55
Docket:       Kno-12-525
Argued:       October 8, 2013
Decided:      April 8, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
              JJ.

## STATE OF MAINE

v.

## CHARLES R. BLACK

SAUFLEY, C.J.

[¶1]  Charles R. Black appeals from the Superior Court's (*Hjelm, J.*) denial of his motion to suppress his personal medical records, which the State received from Eastern Maine Medical Center pursuant to a search warrant issued by the District Court (*J.D. Kennedy, J.*), or in the alternative to dismiss the charges.  *See* M.R. Crim. P. 41.  Black contends that the State failed to use the proper procedure in obtaining his medical records, the search warrant was overbroad and not supported by probable cause, and the use of a search warrant during the criminal proceeding violated the Fourteenth Amendment Due Process Clause.  We dismiss the appeal as interlocutory.

## I.  BACKGROUND

[¶2]  This matter reaches us on appeal from the court's denial of Black's motion to suppress specific evidence or to dismiss the charges against him.  No

trial has yet been held. The following facts are drawn from the State's affidavit in support of the search warrant and the parties' briefs. The State alleges that on April 7, 2011, Black, who was hiking on Megunticook Mountain with his wife, Lisa Black, struck his wife in the head three times, dragged her to the edge of a cliff, and threw her over the edge. Despite her injuries, Lisa Black managed to reach Route 52 and seek assistance, reporting that her husband was trying to kill her. Shortly thereafter, Black himself fell from a cliff and was seriously injured. He was airlifted to Eastern Maine Medical Center and was treated at that hospital for several days.

[¶3] On April 15, 2011, Black was charged by complaint with aggravated assault (Class B), 17-A M.R.S. § 208(1)(C) (2013). Later, on July 11, 2011, Black was charged by indictment with attempted murder (Class A), 17-A M.R.S. §§ 152(1)(A), 201 (2013), two counts of elevated aggravated assault (Class A), 17-A M.R.S. § 208-B(1)(A)-(B) (2013), three counts of aggravated assault (Class B), 17-A M.R.S. § 208(1)(A)-(C) (2013), and two counts of domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2013). In response to a request from the State, Black declined to release his medical records from Eastern Maine Medical Center to the prosecutor voluntarily.

[¶4]  On March 18, 2012, the State submitted an affidavit to the District Court[1] seeking a search warrant to obtain Black's medical records from Eastern Maine Medical Center from April 7, 2011, to April 15, 2011.  The affidavit included allegations from Black's wife regarding Black's assault on her on Megunticook Mountain, along with her report to law enforcement that she had recently inherited $4 million; that Black had been taking some of those funds without her permission; and that Black had tried to kill her twice before their hike.

[¶5]  On April 17, 2012, Black filed a motion to dismiss the charges, arguing that the State's use of a search warrant, rather than the more protective subpoena procedure, to obtain his confidential medical records was illegal and required the dismissal of all charges.  *See* M.R. Crim. P. 17(d).  Black also moved, in the alternative, to suppress the use of his medical records for any purpose at trial.

[¶6]  After conducting a nontestimonial hearing on Black's motions, the court denied both motions, concluding that the State had not acted illegally in obtaining a search warrant for the records and that the use of the warrant did not require suppression.  The court also declined to prohibit the prosecutors from reviewing the records, although it restricted them from viewing the records for ten

---

[1]  In 2011, Rule 41 of the Maine Rules of Criminal Procedure stated that search warrants could be issued by District Court judges or justices of the peace.  *See* M.R. Crim. P. 41(a) (West 2011).  In 2013, that rule was amended to include Superior Court justices among those authorized to issue warrants.  M.R. Crim. P. 41(a).

4

days to permit Black to appeal.[2] The court concluded, however, that the records

may be privileged pursuant to M.R. Evid. 503, and treated the motion to suppress

as also containing a motion in limine to exclude the privileged documents, ordering

that, "to the extent that information in the records is privileged, at trial the state

may not present evidence that it obtained directly or indirectly from those

records."[3]

[¶7]  Black appealed from the court's order within the ten days during which

prosecutors were prohibited from reviewing the records.

## II.  DISCUSSION

[¶8]  "It is well settled that appeals, in order to be cognizable, must be from

a final judgment." *State v. Lemay*, 611 A.2d 67, 68 (Me. 1992).  Mindful of the

need to avoid disruptions of the criminal process, we look to our jurisprudence to

determine whether any recognized exception may apply.  "There are certain

exceptions to the general prudential practice of barring interlocutory appeals in

---

[2]  The court noted that the Health Insurance Portability and Accountability Act (HIPAA), which protects patients' rights to privacy in their medical records, provides an exception that permits custodians of medical records subject to HIPAA to disclose confidential information "[i]n compliance with . . . [a] court-ordered warrant."  45 C.F.R. § 164.512(f)(1)(ii)(A) (2013); *see* 42 U.S.C.A. § 1320d-2(d)(2)(A) (West, Westlaw through P.L. 113-74 approved 1-16-14).  The court also stated that under state law, state medical facilities "must disclose" confidential records without the patient's consent "when required by law." 22 M.R.S. § 1711-C(6)(F-1) (2013).

[3]  The Advisory Committee Note for the rule governing subpoenas states, "[Rule 17(d)] neither expands the rights and privileges of subpoenaed parties nor imposes new ethical requirements on attorneys. Finally, the new subsection does not expand or alter any privileges, confidentiality protections or privacy protections under federal law, Maine law or the Maine Rules of Evidence."  M.R. Crim. P. 17(d) Advisory Committee Note-June 2005.

criminal cases." *State v. Curtis*, 1998 ME 254, ¶ 5, 721 A.2d 175. "Thus, where double jeopardy is an issue or in other instances 'when substantial rights of a party will be irreparably lost if review is delayed until final judgment' [we] may entertain interlocutory appeals." *Id.* (quoting *State v. Savard*, 659 A.2d 1265, 1266 (Me. 1995)).

[¶9]  We are cognizant of the Supreme Court's warning that interlocutory appeals "are especially inimical to the effective and fair administration of the criminal law." *Abney v. United States*, 431 U.S. 651, 657 (1977) (quotation marks omitted). "In addition, where the appeal occurs during a criminal trial, a mistrial may result if the appeal process is prolonged, raising both speedy trial and double jeopardy concerns." *United States v. Billmyer*, 57 F.3d 31, 35 (1st Cir. 1995) (citing *United States v. Horn*, 29 F.3d 754, 768 (1st Cir. 1994)). "Were every factual dispute or law application issue posed by a privilege claim open to interlocutory review in midtrial, it could take weeks to secure the necessary transcripts, learn background facts that the trial judge has absorbed over many months, and then replicate and review district court rulings." *Id*. Thus, only in circumstances where the defendant stands to irreparably lose substantial rights do we accept interlocutory appeals filed by defendants.

[¶10]  We conclude that Black would lose no substantial rights by awaiting final judgment in this case, and thus he asserts no basis for interlocutory review.

6

*See Curtis*, 1998 ME 254, ¶ 5, 721 A.2d 175.  It is possible, but not clear, that the right Black seeks to protect is not an evidentiary privilege, *see* M.R. Evid. 503, but a separate interest in the confidentiality of his medical records, recognized and addressed by the Health Insurance Portability and Accountability Act (HIPAA). 42 U.S.C.A. § 1320d-2(d)(2)(A) (West, Westlaw through P.L. 113-74 approved 1-16-14).  However, HIPAA does not protect a patient's interest in the confidentiality of her or his medical records if those records have been obtained pursuant to a court-ordered warrant, as occurred here, 45 C.F.R. § 164.512(f)(1)(ii)(A) (2013), or by subpoena,[4] *id*.  Thus, the prosecution's access to Black's medical records does not violate HIPAA's confidentiality provisions merely because the State obtained his medical files pursuant to a warrant rather than a subpoena.

[¶11]  The trial court determined that the search effected pursuant to the warrant was not illegal and declined to suppress Black's medical records.  In so ruling, the court concluded that the State was authorized by law to seek the records through the warrant process, that the affidavit provided sufficient probable cause to support the issuance of the warrant, and that the warrant was not overbroad.  The court's decision not to suppress evidence is similar to decisions made every day in

---

[4]  HIPAA provides that "[a] covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official . . . [p]ursuant to . . . [a] court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer."  42 U.S.C.A. § 1320d-2(d)(2)(A) (West, Westlaw through P.L. 113-74 approved 1-16-14); 45 C.F.R. § 164.512(f)(1)(ii)(A).

trial courts and does not give rise to a defendant's right to an interlocutory appeal. *Cf.* 15 M.R.S. § 2115-A(1) (2013) (permitting only the State to appeal from an order suppressing evidence). If Black is convicted after a trial in which his medical records are used against him—an unlikely scenario, given the strictures of M.R. Evid. 503—Black will have an opportunity to challenge the court's determination on the lawfulness of the warrant in an appeal brought from a final judgment. We dismiss this appeal as interlocutory.

The entry is:

> Appeal dismissed.

---

**On the briefs:**

> Walter F. McKee, Esq., and Matthew D. Morgan, Esq., McKee Billings, LLC, P.A., Augusta, for appellant Charles R. Black
>
> Geoffrey Rushlau, District Attorney, Prosecutorial District Six, Rockland, for appellee State of Maine

**At oral argument:**

> Walter F. McKee, Esq., for appellant Charles R. Black
>
> Geoffrey Rushlau, District Attorney, for appellee State of Maine

Knox County Superior Court docket number CR-2011-105
FOR CLERK REFERENCE ONLY