MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2017 ME 112
Docket:       Pen-16-395
Argued:       April 13, 2017
Decided:      June 6, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## STATE OF MAINE

v.

## JACOB L.

HJELM, J.

[¶1]   Jacob L. appeals from an order denying his motion for return of property, *see* M.R.U. Crim. P. 41(j),[1] entered after a hearing in the Juvenile Court[2] (Bangor, *Lucy, J.*), following entry of a judgment adjudicating him of the juvenile crime of aggravated assault (Class B), 17-A M.R.S. § 208(1)(B) (2016); *see also* 15 M.R.S. § 3103(1) (2016) (defining "juvenile crime").  Jacob argues that the court applied an incorrect legal standard when it determined that the State was entitled to retain possession of cash that had been seized from him as evidence against a co-defendant, and that the court's findings were not

---

[1]  The Maine Rules of Unified Criminal Procedure apply to juvenile crime proceedings.  *See* 15 M.R.S. § 3309 (2016); M.R.U. Crim. P. 1(b)(3).

[2]  When exercising its exclusive original jurisdiction over juvenile petitions, the District Court is referred to as the Juvenile Court.  *See* 15 M.R.S. § 3101(1), 2(A) (2016).

2

supported by sufficient evidence. Because the court has not yet issued an order determining who owns or is otherwise entitled to possession of the cash, we dismiss this appeal as interlocutory.

## I. BACKGROUND

[¶2]  The central facts are undisputed, either as established in the record or as the parties have framed their arguments.

[¶3]  In the early morning hours of March 25, 2016, a Bangor police officer responded to the scene of a reported robbery and assault. The victim told the officer that two males had beaten him with a two-by-four and had taken about $800 in cash from his pocket, along with some other items.

[¶4]  Based on physical descriptions provided by the victim and his girlfriend, other officers detained two suspects, including Jacob, at a nearby convenience store. The girlfriend identified the suspects as the attackers, and the officers then arrested Jacob on several outstanding warrants. They also arrested the other suspect. One of the arresting officers searched Jacob for weapons and found a large roll of money in his pocket. At the police station the officer counted the money and found that there was $1,310, which was retained as evidence. The victim later told the police that the amount of stolen cash totaled $1,300 rather than the $800 he had reported initially.

[¶5]   On March 31, 2016, Jacob was charged by petition with the juvenile crimes of robbery (Class A), 17-A M.R.S. § 651(1)(D) (2016); aggravated assault (Class B), 17-A M.R.S. § 208(1)(B); and theft by unauthorized taking or transfer (Class D), 17-A M.R.S. § 353(1)(B)(5) (2016). At a hearing on April 26, Jacob entered an admission to the juvenile crime of aggravated assault, and the State dismissed the remaining charges.  The court committed Jacob to a juvenile detention facility for an indeterminate period to age twenty.  *See* 15 M.R.S. §§ 3310(5), 3314(1)(F) (2016).

[¶6]   Pursuant to M.R.U. Crim. P. 41(j),[3] Jacob filed a post-judgment motion for return of property—namely, the cash seized from him when he was arrested—asserting that the State's continued retention of the cash was illegal.  The State opposed the motion, and a hearing was held on August 2, 2016.  The evidence presented at the hearing consisted only of the police reports that had been filed in support of the juvenile petition.

---

[3] Rule 41(j) of the Maine Rules of Unified Criminal Procedure states,

> A person aggrieved by an unlawful seizure of property may file a motion in the Unified Criminal Docket for the return of the property on the ground that it was illegally seized.  The court shall receive evidence on any issue of fact necessary to the decision of the motion.  If the motion is granted the court shall order that the property be restored unless otherwise subject to lawful detention.  The motion may be joined with a motion to suppress evidence.

4

[¶7]  At the conclusion of the hearing, the court denied Jacob's motion. The court found that the State was entitled to retain the cash because there was "probable cause to believe that [Jacob and his co-defendant] beat up [the victim] and took his money[,] [a]nd that the money that the State [was] holding represent[ed] some or all of what was taken from [the victim] after [Jacob] hit him with a two-by-four."  The court further explained that charges were still pending against Jacob's co-defendant and that evidence in his trial would "further inform this issue."

[¶8]  After the court announced its decision, Jacob asked whether he would be permitted to file a renewed motion for return of property after the case against the co-defendant was concluded.  The court responded that it would not give an advisory opinion about "whatever may or may not happen in the future," and restated its determination that the State was entitled to retain the cash.  The court further stated, "There may be other recourse through civil process . . . , but . . . as it stands now there's nothing else for me to do on this case."

[¶9]  Jacob timely appealed.  At oral argument, both parties told us that after the court issued its order denying Jacob's motion, the case against the co-defendant was fully resolved and is no longer pending.  The State also

acknowledged that given this development, the cash seized from Jacob has no remaining evidentiary value.

## II. DISCUSSION

[¶10]   We must address, as a threshold issue, whether we have jurisdiction to consider an appeal from an order denying a motion for return of property in a juvenile crime proceeding.  *See* M.R. App. P. 4(d) ("Whenever it appears by suggestion of the parties or otherwise that the Law Court lacks jurisdiction of the subject matter, the Law Court shall dismiss the appeal.").

[¶11]   As the parties acknowledge, the types of orders that a juvenile may appeal are statutorily enumerated as orders of adjudication, disposition, and detention.  *See* 15 M.R.S. § 3402(1) (2016).  The order denying Jacob's Rule 41(j) motion is none of these.[4]  *See* 15 M.R.S. § 3003(1), (4-B), (5) (2016) (defining "[a]djudicatory hearing," "[d]ispositional hearing," and "[d]etention").  If we have appellate jurisdiction over this matter, it must therefore arise from a different source.

---

[4] Contrary to Jacob's argument, the order denying his Rule 41(j) motion is not a de facto order of restitution, which would be appealable pursuant to 15 M.R.S. § 3402(1)(B) (2016), because neither the dispositional order nor the order on Jacob's Rule 41(j) motion directs that the cash be paid over to the victim.  *See* 15 M.R.S. § 3314(1)(E) (2016) (stating that, as one of the dispositional alternatives available in a juvenile case, "[t]he court may require the juvenile to make restitution for any damage to the victim or other authorized claimant as compensation for economic loss").  Rather, the court simply determined that the State was entitled to hold the cash temporarily while the prosecution against Jacob's co-defendant was pending.

6

[¶12]  Adult criminal defendants are entitled to appeal from an adverse ruling on a Rule 41(j) motion.  *See State v. Miller*, 645 A.2d 1140, 1141 (Me. 1994);[5] *see also* 15 M.R.S. § 2111(1) (2016) ("[I]n any criminal proceeding in the District Court, a defendant aggrieved by a judgment of conviction, ruling or order may appeal to the Supreme Judicial Court sitting as the Law Court.").  We recognize that a juvenile adjudicated to have committed a juvenile crime is not viewed as "a defendant aggrieved by a judgment of conviction," 15 M.R.S. § 2111(1); *see also* 15 M.R.S. § 3310(6) (2016) ("An adjudication of the commission of a juvenile crime shall not be deemed a conviction of a crime.").  Nonetheless, the Juvenile Code expressly states that one of the "goals of the juvenile appellate structure" is to assure "substantial uniformity of treatment to persons in like situations," 15 M.R.S. § 3401(2)(B) (2016), and that the Code's provisions "shall be liberally construed," 15 M.R.S. § 3002(2) (2016).  Indeed, the Juvenile Code and the Maine Rules of Unified Criminal Procedure themselves make the Rules applicable to juvenile proceedings.  *See supra* n.1.  This enables juveniles to seek the return of property pursuant to Rule 41(j), just as adult criminal defendants are entitled

---

[5]  In *State v. Miller*, 645 A.2d 1140, 1141 (Me. 1994), we referenced M.R. Crim. P. 41(e), which was an earlier formulation of the present M.R.U. Crim. P. 41(j).  *See* M.R.U. Crim. P. 41, Advisory Committee's Note to 2013 amend.

to do.  We therefore conclude that section 2111(1) supports the existence of appellate jurisdiction from a ruling on a Rule 41(j) motion in this juvenile case to the same extent that adult defendants are entitled to seek appellate relief.

[¶13]  Although we conclude that Jacob has a right to appeal, we do not reach his substantive challenges to the court's denial of his Rule 41(j) motion because the order is not a final judgment.  *See Bank of N.Y. v. Richardson*, 2011 ME 38, ¶ 7, 15 A.3d 756 ("Whether or not a party has argued the issue, we consider sua sponte whether a matter is properly before us on appeal from a final judgment.").

[¶14]  "It is well settled that appeals, in order to be cognizable, must be from a final judgment."  *State v. Lemay*, 611 A.2d 67, 68 (Me. 1992).  Interlocutory orders that do not fully dispose of the entire matter pending in the trial court are appealable only in narrowly-defined circumstances that are not present here.  *See State v. Black*, 2014 ME 55, ¶ 8, 90 A.3d 448; Alexander, *Maine Appellate Practice* § 301 at 218-19, 226-33 (4th ed. 2013).

[¶15]  The court denied Jacob's motion for return of property based on its determination that there was probable cause to believe that the seized cash was stolen and that the State was therefore entitled to retain it as evidence in the then-pending case against Jacob's co-defendant.  *See Amerisource Corp. v.*

*United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) (stating, in a case rejecting the plaintiff's claim pursuant to the Takings Clause of the Fifth Amendment, that "the police power encompasses the government's ability to seize and retain property to be used as evidence in a criminal prosecution"); *see also State v. Sweatt*, 427 A.2d 940, 950-51 (Me. 1981) (stating that the State may properly retain seized property if there is probable cause to believe that it is stolen or that it is "evidence of a crime"). The order, however, is interlocutory.

[¶16] When the court denied Jacob's Rule 41(j) motion, the co-defendant's case was still pending, and the court noted that given that circumstance there was "nothing else for [it] to do." The court accordingly did not decide the ultimate question of who owned the cash. Because the co-defendant's case is no longer pending, however, the justification for the State to possess the cash—and the court's rationale for denying Jacob's motion—no longer exists. As a result, the court's order does not serve as a final disposition of the issue directly raised in Jacob's motion. *See Lemay*, 611 A.2d at 68.

[¶17] "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977). No

adjudication of "the rightful owner" has yet occurred. *See id.* Because—as it acknowledged at oral argument—the State no longer has a possessory interest in the cash, and because the court stopped short of determining whether Jacob is entitled to possession of the cash, we must remand the matter for a full determination of the issues pending before it. *See Lemay*, 611 A.2d at 68. We therefore dismiss the appeal as interlocutory and remand to the trial court for further proceedings.[6]

The entry is:

> Appeal dismissed. Remanded for further proceedings consistent with this opinion.

---

Benjamin Fowler, Esq. (orally), Bangor, for appellant Jacob L.

R. Christopher Almy, District Attorney, Tracy Collins, Asst. Dist. Atty., and Mark A. Rucci, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellee State of Maine

Bangor Juvenile Court docket number JV-2016-23
FOR CLERK REFERENCE ONLY

---

[6] To the extent that the victim is asserting an ownership or possessory interest in some or all of the cash, the court will have an opportunity on remand to provide some avenue—through the State or by some other means—by which the victim will have an opportunity to be heard.